### J. M. JONES v. THE STATE.

*No. 3848.    Decided December 5.*

1.  **Information—Official Signature of County Attorney not Necessary.—** While article 430 of the Code of Criminal Procedure, prescribing the requisites of an information, provides, in subdivision 9, "that it shall be signed by the district or county attorney officially," yet by subsequent express terms article 529, Code of Criminal Procedure, prescribing exceptions to the form of indictments or informations which may be taken in subdivision 2, declares that "the want of the signature of the foreman of the grand jury, or in the case of an information the want of the signature of the attorney representing the State," shall not be considered valid as exceptions to the form of such instruments.

2. **Theft—Opinion—Evidence.**—On a trial for theft of an overcoat the State was permitted to ask one of its witnesses "whom the suspicion pointed to in the theft," to which the witness answered, "I thought the suspicion pointed to the defendant as the thief." Said question and answer being permitted over objection of defendant, *held*, error. The evidence was clearly inadmissible, and was but a conclusion or opinion of the witness.

APPEAL from the County Court of Morris. Tried below before Hon. J. W. Bolin, County Judge.

Appellant was convicted for the theft of an overcoat of the value of $12, and his punishment was assessed at a fine of $5 and twelve hours imprisonment in the county jail. It is unnecessary to give the facts.

No brief for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—A motion in arrest of judgment was made upon the ground that the information was not signed officially by the county attorney.

The ninth subdivision of article 430, Code of Criminal Procedure, requires, in a criminal prosecution, that the information shall be signed by the district or county attorney officially; but by the subsequent article 529 of the Code of Criminal Procedure, subdivision 2, it is expressly declared (in setting forth the exceptions to the form of an indictment or information) that the exception, to be good, should go to the want of any other requisite of form prescribed by articles 420 and 430, except the want of the signature of the foreman of the grand jury, or, in case of an information, of the signature of the attorney representing the State.

It does not invalidate the information that it is not signed officially by the county or district attorney, if it purports to have been presented by him, though the better practice would be that the officer presenting sign it officially. Rasberry v. The State, 1 Texas Ct. App., 664. In this case the information purports on its face to have been presented by the county attorney, whose name is the same as that purporting to have been signed as county attorney to the information.

Appellant was indicted for misdemeanor—theft of an overcoat of the value of $12. On the trial the State's witness Mors was asked by the district attorney, over objection of defendant, "whom the suspicion pointed to in the theft." The court permitted the question to be asked, and answered by the witness, to the effect that after the coat was missed he and the owner and several others talked the matter over, and he says, "I thought the suspicion pointed to the defendant as the thief." The evidence was clearly inadmissible, and was but the conclusion or

opinion of the witness. The question and answer should not have been permitted over objection of defendant.

For this error, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Hurt, J., absent.