## JACK HURLEY v. THE STATE.

*No. 1277.    Decided December 18th, 1895.*

**1.  Judgment—Minutes of the Court—Approval of by Judge.**

An informal entry on the minutes of the court, and a failure of the judge to approve and sign the minutes, will not invalidate a judgment entered during the term, and especially so where the judge approves the minutes of the court for the term.

**2.  Witness—Competency of one Convicted of Felony, but Not Sentenced.**

A witness, who has been convicted of a felony, is not thereby rendered incompetent to testify until he has been sentenced.

**3.  Burglary—Ownership—Evidence—Want of Consent.**

On a trial for burglary, where ownership was alleged and proved in one H., alone, it was not necessary to prove the non-consent of another part owner of the property taken, who lived in another city, and was not in possession of the house burglarized or the goods taken therefrom.

**4.  Presumption of Innocence and Reasonable Doubt—Charge.**

Where the court has charged the presumption of innocence and reasonable doubt, it is not error to refuse requested instructions repeating the same principles in another form.

APPEAL from the District Court of McLennan.    Tried below before Hon. S. R. SCOTT.

This appeal is from a conviction for burglary, the punishment assessed being twelve years' imprisonment in the penitentiary.

The indictment alleged that the burglarized house was occupied by B. Haber, and that he was the owner of the goods taken. Haber testified that the house was a store house and in his possession and occupancy as such; and that the same and the goods therein were in his exclusive care, custody, management and control.

"Mr. Sanger, of Dallas, was, in fact, the true owner of the goods in the store, and I was working for him for part of what I could make out of the store; and, as stated, had exclusive care, management, custody and control of all the goods in the house, and had rented and occupied the house myself.   Mr. Sanger lives in Dallas, and came to Waco about once a year."   The witness described how the house had been burglarized and the goods taken, and identified some of the stolen goods, which were in court, and the clothing defendant was wearing at the trial as part of the goods stolen from the store.

John Kimmet, an accomplice, who had turned State's evidence, told all about the burglary, implicating this appellant as the instigator and principal actor in the crime.

Arthur Gibson, another accomplice, who had turned State's evidence, corroborated the testimony of John Kimmet.

*Henry W. Conyers* and *R. A. Word,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This conviction was for burglary. The certiorari prayed for will be refused. Admit the entry on the minutes of the court is informal, it will not vitiate this judgment. The judge did approve said minutes for the term, and that is sufficient. A failure of the judge to approve and sign the minutes of his court will not invalidate a judgment entered during that term. The court did not err in permitting a witness to testify in the case, because he was then under conviction of a felony, it being shown that he had not been sentenced at the time he so testified. This question has been settled heretofore by the opinions of this court. Arcia v. State, 26 Tex. Crim. App., 193; Woods v. State, 26 Tex. Crim. App., 490. The charge in appropriate terms submits the issues suggested by the evidence. The ownership was alleged in Haber alone. The proof supported this allegation. Therefore the State was not required to prove the nonconsent of Sanger, who owned an interest in the stolen goods, but lived in Dallas, and was not in possession of either the house burglarized or the goods taken therefrom. The court correctly refused appellant's requested instruction requiring an acquittal, because the State failed to prove Sanger's nonconsent. The court did not err in refusing the special charge asked by the accused in regard to reasonable doubt and presumption of innocence. These principles of law were fully embodied in the charge given by the court, and it was unnecessary to repeat them in another form. This is also well settled. The evidence amply supports the verdict. The circumstances were sufficient to justify the conviction, independent of the testimony of the accomplice. The judgment is affirmed.

*Affirmed.*