J. T. NICHOLSON v. THE STATE.

No. 11794. Delivered May 23, 1928.
Motion to reinstate denied June 23, 1928.

LATTIMORE, JUDGE.—Conviction for driving an automobile on a public road while intoxicated; punishment, a fine of $50.00, and confinement in the county jail for sixty days.

This is a felony case, the punishment being confinement in the penitentiary, or in the alternative a fine. Art. 47 P. C. It is uniformly held that to give this court jurisdiction upon appeal in a felony case, the transcript must show that sentence appears in the record in this case.

The State's Attorney calls attention to the fact that the recognizance in this case is fatally defective. The form for a recognizance in felony cases is laid down in Art. 817 C. C. P. It is recited in the recognizance herein that appellant is charged with the offense of "unlawfully operating a motor vehicle while intoxicated." We have no law forbidding one, in terms, from operating a motor vehicle while intoxicated. In order to be within the prohibition of the statute the accused must drive or operate such motor vehicle on a public highway while intoxicated. The contention of our State's Attorney is sustained. The recognizance is fatally defective.

The appeal will be dismissed.

*Dismissed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The appeal in this case was dismissed on May 23, 1928, for lack of a sentence, attention being called to the fact that the recognizance was defective. On June 7, 1928, appellant filed his motion to reinstate the appeal on the ground that in a supplemental transcript would be found a sufficient appeal bond, also a sentence duly pronounced. On June 20, 1928, said supplemental transcript was filed in this court, and in same appears a copy of appellant's appeal bond as well as a sentence pronounced by the trial court on June 15, 1928. The trial court was without authority to pronounce such sentence because the case was pending here on appeal on appellant's motion to reinstate. The trial court is without further jurisdiction to make any order save those contemplated in Art. 772 C. C. P., until apprised by mandate from this court of the fact that the case has been finally disposed of here. In other words, under Art. 772. C. C. P., as construed by Hinman v. State, 54 Texas Crim. Rep. 434, no part of the record in this case being lost or destroyed, an effort to have inserted in the record a sentence

entered after the jurisdiction of this court has attached and before the case was finally disposed of here by some proper order, would be of no effect. This in nowise would prevent a sentence in this case, and an appeal then taken, after this case reaches the lower court on this dismissal.

Appellant's motion to reinstate must be overruled for lack of a sentence, and it is so ordered.

*Overruled.*