WALTER OWENS v. THE STATE.

No. 13270.   Delivered May 7, 1930.
Reported in 28 S. W. (2d) 133.

The opinion states the case.

*W. H. Browning* of Lampasas, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully driving an automobile while intoxicated is the offense; punishment fixed at confinement in the county jail for a period of ten days and a fine of one hundred dollars.

It is recited in the transcript that the appellant has entered into a recognizance in the sum of $600.00.   The recognizance is not incorporated in the record.

The clerk is directed to supplement the transcript with a certified copy of the recognizance.

CHRISTIAN, JUDGE.—The offense is driving an automobile while under the influence of intoxicating liquor; the punishment, a fine of one hundred dollars and confinement in jail for ten days.

There is a purported sentence in the record.   It contains no pronouncement of the judgment, and fails to order that the judgment be carried into execution.   We quote from the purported sentence as follows:

"It is the order of the court that the defendant Walter Owens who has been adjudged to be guilty of driving a car while intoxicated and whose punishment has been prescribed at a fine of one hundred dollars and ten days confinement in the county jail."

Art. 767, C. C. P. provides:

"A 'sentence' is the order of the court, made in the presence of the defendant, and entered of record, pronouncing the judgment,

and ordering the same to be carried into execution in the manner prescribed by law."

This being a case of felony, this court has no jurisdiction in the absence of a sentence. Nicholson v. State, 7 S. W. (2d) 1075. The recitals contained in the minutes, as quoted above, are insufficient to constitute a sentence.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.