## Cecil Epps v. The State.

No. 18143.   Delivered April 8, 1936.
Rehearing Denied May 27, 1936.

The opinion states the case.

*H. O. Williford* and *P. O. French,* both of Fairfield, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft; punishment, three years in the penitentiary.

The facts are sufficient to support the verdict and judgment.   There is but one bill of exceptions, and the only point here presented is that the court below,—the District Court of Freestone County,—was without power to try this case because, before this indictment was returned, an indictment charging this theft had been returned in the District Court of Navarro County,—a court of concurrent jurisdiction by reason of the fact that the property in question was carried into Navarro County after having been stolen in Freestone County. The contention is based on Art. 64, C. C. P., which,—in case two or more courts have concurrent jurisdiction of an offense, —authorizes that court in which an indictment or complaint is first filed to retain jurisdiction to the exclusion of all other courts.

The purpose of this enactment was to prevent confusion

and contentions between different courts, each seeking to exercise jurisdiction,—and the purpose was not to shield one accused of crime from prosecution when that court, in which the complaint may have been first lodged, had lost its jurisdiction by dismissal of the case, and he thereafter and when brought before another court of concurrent jurisdiction sets up the claim and plea that the court before which he is brought has no right to try him because another court had theretofore and first after the commission of the offense had before it another indictment or complaint. The claim smacks of absurdity if it be shown that at the time of the attempted exercise of jurisdiction by the court in which the trial is now had and where the indictment was returned upon which the trial is based,— that the court in which the indictment was first returned had dismissed the case from its docket and was at the instant time making no effort to exercise or claim jurisdiction of the case. A similar question was before us in Preston v. State, 109 Texas Crim. Rep., 610.

The facts in the instant case show that an indictment was returned against this appellant in Navarro County prior to the return of the indictment in Freestone County upon which this trial was had, but that the indictment in Navarro County had been dismissed, and at the time of the return of the indictment in Freestone County the Navarro County court was asserting no jurisdiction and had pending before it no indictment. Such being the facts, appellant had no legal right to set up such plea, and no reason existed in law why the District Court of Freestone County should not entertain jurisdiction and properly try and dispose of this appellant's case. The fact that one court of concurrent jurisdiction may have at some former time had upon its docket an indictment or complaint charging the same offense for which the accused has subsequently been convicted in another court of concurrent jurisdiction, would not operate to prevent forever any effort to prosecute in the latter court. The dismissal of the indictment or complaint in the court in which same was originally presented would operate as a waiver of or loss of jurisdiction in the court in which same had been presented and from whose docket it had been dismissed. We are of opinion appellant's contention has no merit, and the judgment will be affirmed.

*Affirmed.*

Morrow, P. J., absent.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing appellant insists that the indictment against him for theft in Navarro County had not been dismissed and was pending when his case was called for trial in Freestone County. The bill of exception bringing the matter forward discloses that a proper order dismissing the indictment in Navarro County had been entered in the minutes of the court. The failure of the trial judge to sign the minutes of the court would not affect the validity of the order of dismissal. See Hurley v. State, 33 S. W., 354.

We are of opinion that the conclusion announced on the original hearing was correct.

The motion for rehearing is overruled.

*Overruled.*