## A. L. NOBLES v. THE STATE.

No. 18639. Delivered December 2, 1936.
Rehearing Granted January 13, 1937.

The opinion states the case.

*Lawrence L. Bruhl,* of Llano, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of receiving and concealing stolen property, and his punishment was assessed at confinement in the state penitentiary for a term of three years.

The record before us is without a statement of facts and without such a statement we cannot appraise appellant's bills of exception. Hence the only matter that we may determine is the sufficiency of the indictment to charge the offense for which appellant has been convicted. Looking to the indictment, as the same appears in this record, it seems that the same is sufficient to charge appellant with the commission of the offense.

It is therefore ordered that the judgment of the trial court be and the same is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant has filed a motion for rehearing calling attention to irregularites apparent from the transcript, but in the absence of any brief for appellant same escaped notice originally.

On May 25, 1936, judgment of conviction was entered of record against appellant. Motion for new trial was filed on May 27th, and on the same day the motion was overruled, and in the overruling order appellant gave notice of appeal to this court. The term of court adjourned on June 2, 1936, without sentence having been pronounced against appellant. The oversight was discovered on June 4, and the learned trial judge called a special term of court for the purpose of pronouncing sentence, and did do so on said date, notwithstanding the notice of appeal which had been given prior to adjournment of the regular term at which conviction was had. From recitals in the order calling the special term, and in the sentence it is apparent that the trial judge proceeded on the theory that until an appeal bond or recognizance had been entered into this court would decline to take jurisdiction. Some expressions from this court might have misled the trial judge.

However, it was the *notice of appeal* which ousted the trial court of jurisdiction. The only thing which the trial court

516

could do pending appeal was to substitute lost or destroyed records. See Art. 828, C. C. P., and many authorities cited thereunder in Vernon's Tex. C. C. P., Vol. 3. It is expressly provided in Art. 772, C. C. P., that:

"If there is a failure from any cause whatever to enter judgment and pronounce sentence during the term, the judgment may be entered and sentence pronounced at any succeeding term of the court, *unless* a new trial has been granted, or the judgment arrested, or *an appeal has been taken.*"

The appeal was taken when appellant gave notice of appeal, thereby vesting jurisdiction in this court, and the trial court had no power to pronounce sentence as long as the jurisdiction of this court continued. See Estes v. State, 38 Texas Crim. Rep., 506; Hinman v. State, 54 Texas Crim. Rep., 434, 113 S. W., 280; Nicholson v. State, 110 Texas Crim. Rep., 112, 7 S. W. (2d) 1075. The delay, inconvenience and sometimes injustice resulting from the restricted language of Art. 828, C. C. P., has been pointed out not only by this court as now constituted, but also by our predecessors. See Allen v. State, 124 Texas Crim. Rep., 642, 65 S. W. (2d) 311, and cases therein cited.

We have no option but to grant appellant's motion for rehearing, set aside the judgment of affirmance, and dismiss the appeal, which is now so ordered. After the mandate reaches the trial court the jurisdiction of that court being restored appellant may be legally sentenced.

*Appeal dismissed.*