GUY IRBY NABORS, JR., V. THE STATE.

No. 20451.  Delivered June 21, 1939.
Rehearing Denied October 18, 1939.

The opinion states the case.

*Eddie Roark,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is burglary; the punishment, confinement in the penitentiary for twelve years.

The indictment embraced averments showing that prior to the commission of the offense for which appellant was on trial in this case he had been finally convicted of the offense of burglary in another case tried in the district court of Tarrant County. It was because of the previous conviction that the penalty herein was enhanced.

Appellant entered a plea of guilty to the main charge embraced in the indictment and pleaded not guilty as to the prior conviction.

The State introduced R. L. Nolen who managed and operated a grocery store at 3108 Oaklawn in Dallas County. He testified that the store was burglarized on the 2nd of October, 1938, it having been entered by removing some of the bars from a window. The intruder took from the store a quantity of cigarettes and tobacco which Mr. Nolen recovered from the police station.

A police officer testified that he saw appellant under a platform near the store on the night of the burglary. Upon arresting him he found that appellant had in his possession a quantity of cigarettes and tobacco. At the same time he observed that the store had been burglarized.

Appellant did not testify.

The State introduced sufficient proof to support the averment in the indictment that appellant had been previously convicted of the offense of burglary in the district court of Tarrant County. Appellant was positively identified as the person who had been convicted in the previous case, and the testimony touching such conviction was in no manner controverted .

Bill of exception No. 1 is concerned with the appellant's motion to quash the indictment on the ground that it should have embraced an averment immediately after the main count charging the offense then on trial: "Against the peace and dignity of the State." It is observed that after charging the offense for which the appellant was on trial and alleging the prior conviction which was used by the State to enhance the penalty, the indictment concludes: "Against the peace and dignity of the State." We quote from Sec. 488, Branch's Ann. Tex. P. C., as follows: "It is not necessary that each count conclude with the words 'against the peace and dignity of the State' if the indictment or information as a whole so concludes." In support of the text several authorities are cited, among them being Alexander v. State, 11 S. W. 628; Mercer v. State, 106 S. W. 365. The motion to quash was properly overruled.

Bill of exception No. 2 brings forward appellant's objection to the introduction in evidence of the indictment charging the prior conviction, as well as an objection to the action of the district attorney in reading such indictment to the jury. It was incumbent upon the State to prove the prior conviction, and the indictment was admissible as a part of such proof to show that the Criminal District Court of Tarrant County had jurisdiction of the offense for which appellant had been previously convicted. Also it was proper, in making such proof, for the district attorney to read the indictment in the former case to the jury.

Bill of exception No. 3 deals with appellant's objection to the action of the court in permitting the district attorney to introduce in evidence and read to the jury the mandate of the Court of Criminal Appeals in which it was shown that the judgment in the case alleged for the purpose of enhancing the penalty herein had been affirmed. The proof was admissible to show that the judgment of the trial court was final.

Bills of exception 4 to 6, both inclusive, complain of the argument of the district attorney. Suffice it to say that we think said bills fail to reflect error.

A careful examination of appellant's contentions leads us to the conclusion that error is not presented.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

We have again carefully gone over the entire record in this cause in considering the motion for rehearing filed herein. We see no reason to recede from the position taken in the original opinion. We think it properly decides this case, and to further write herein would be a useless consumption of both time and space.

The motion will therefore be overruled.