CLINT MOYE *alias* CLINTON MOYE V. STATE.

No. 24332. April 27, 1949.
Rehearing Denied June 1, 1949.
Application To File Second Motion For Rehearing Denied June 8, 1949.

450

*J. S. Simkins, Corsicana,* for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was charged with a violation of the liquor laws of Navarro County, and as a second offender, he was awarded a penalty of a fine of $1,000, and one year in jail, and he appeals.

He first assails the validity of the local option election of 1911 in said county which resulted in a majority for prohibiting the sale of intoxicating liquor therein. This identical matter has been recently passed upon by us in the case of Simmons v. State, No. 24,330, (opinion delivered April 13, 1949, but not yet reported, (Page 228 of this volume), and by virtue of the reasoning therein to be found, we overrule this contention.

There remains a further matter presented in Bill of Exceptions No. 1 in which objection is made to the introduction in evidence of an entry in volume R, page 125, of the criminal minutes of the county court of Navarro County, Texas, same being a judgment relative to Cause No. 13,014 in said court styled The State of Texas vs. Clint Moye, of date March 18, 1946, the objection thereto being: (1) that such minute was not signed by the county judge, and (2) because the minutes of such court were not signed by such judge, and (3) because such pointed out objections had not been remedied by the county judge as permitted by law.

In answer to objection (1), we think the failure of the judge to sign the individual minute would not affect its validity. See Epps v. State, 130 Tex. Cr. R. 398, 94 S. W. (2d) 441, and Hurley v. State, 35 Tex. Cr. Rep. 282, 33 S. W. 354. In the latter case, it was held that "a failure of the judge to approve and sign the minutes of his court, will not invalidate a judgment entered during the term."

Again, in the case of Wright v. State, 37 Tex. Cr. R. 3, this court said:

"Nor is there any force in the objection to the admission of these matters, that the minutes of the special term of court at which these orders were entered were not signed by the presiding judge. This was not necessary to their validity. This has been the settled rule in Texas since the case of Cannon v. Hemphill. 7 Texas 184."

Relative to the failure of the county attorney to sign the information in the older case, it being No. 13,014, and disposed of on March 18, 1946, evidently the state relied upon Art. 512, C. C. P., which allows exceptions to the form of an indictment or information upon many grounds, but specifically excepts and does not allow the objection to the "want of the the signature of the foreman of the grand jury, or in the case of an information, of the signature of the State's Attorney."

In the case of Jones v. State, 30 Tex. App. 426, 17 S. W. 1080, it was held:

"It does not invalidate the information that it is not signed officially by the county or district attorney, if it purports to have been presented by him, though the better practice would be that the officer presenting sign it officially."

Again, in Rasberry v. State, 1 Tex. App. 664, it was shown that the information was not signed by the county attorney. This was held to be not necessary, and such failure did not invalidate such instrument.

In the instant case, we do not think the allegations relative to the proceedings had in the cause of date, March 18, 1946, if found to be true, would render the proceedings thereunder to be void, and, therefore, we further think that the attempted attack thereon is a collateral attack on the judgment, and the trial court was correct in the ruling complained of in Bills Nos. 1, 2 and 3, refusing to sustain such attack.

Bill No. 4 seems to be without merit and is overruled; and to the same effect is our ruling on Bill No. 5.

We think the matter complained of in Bill No. 6 is of little import and was doubtless called for by the questioning of the witness Hutcheson by appellant's attorneys when they asked him why he did not immediately arrest appellant at the time of the alleged sale.

Bill No. 7 seems to be some sort of an objection to something said by appellant while under arrest herein in the office of the justice of the peace. The bill is insufficient in that it is nowhere shown therein what the statement objected to was. It is true that the careful trial court attempted to clarify this bill in a qualification by appending thereto the statement of the witness in question and answer form, but for some reason appellant's attorney saw fit to except to the trial court's qualification, not only to this bill, but to all the qualifications to all the bills. We are therefore relegated to the bill alone without the qualification, the court filing no bill of his own. See Winfrey v. State, 65 S. W. (2d) 297; 124 Tex. Cr. R. 670. In said bill thus considered, we do not find any statement of the witness, nor what the objected to testimony was, and therefore same is deficient in not setting forth the complained of testimony.

Complaint is made because of the severity of the verdict. It is shown by the pleading and proof that this was appellant's second offense, and Article 61, P. C., provides that for a second misdemeanor conviction, an accused shall receive double the punishment prescribed for such offense in ordinary cases, and the court so charged the jury when he told them therein that "if a person shall be convicted of misdemeanors of like character two times including the case on trial, the punishment shall be increased so as not to exceed double the penalty in ordinary cases." While this penalty may be a severe one, it is within that prescribed by law, and its wisdom is a matter left entirely with the jury.

Finding no error shown, the judgment will accordingly be affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing, appellant seriously contends that we erred in several respects in the original disposition of

this case. He stresses his contention that there is no evidence which shows that he is the same person who was theretofore in the year 1946, in Cause No. 13,014, convicted of possessing whiskey for the purpose of sale. Appellant evidently overlooked the testimony of the witness R. T. Bailey, who among other things testified as follows: "I know this defendant seated here; he is Clint Moye. I was present in the county court on the 18th day of March, 1946, when the Defendant, Clint Moye, plead guilty to a charge of violating the prohibition laws, to-wit, possession of liquor for the purpose of sale in Cause No. 13014. The Clint Moye who plead guilty in that judgment is the same Clint Moye who is being tried here today." Thus it will be noted that the evidence refutes appellant's contention.

His other complaints in his motion for a rehearing are reiterations of his complaints in the motion for a new trial and are brought forward by bills of exception. These complaints have been fully discussed in the original opinion and the conclusions expressed by us therein are supported by authorities cited. We see no need for any further discussion thereof as it would only extend the length of this opinion and serve no useful purpose. The punishment may be rather severe, but it is within the limits prescribed by our statute, hence we would not be authorized to disturb the verdict of the jury.

From what we have said it follows that the motion for a rehearing should be overruled, and it is so ordered.

Opinion approved by the Court.

### ON APPLICATION TO FILE SECOND MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant has filed a request for leave to file a second motion for rehearing, insisting that error is presented in his Bill of Exception No. 7.

It is made perfectly clear in our original opinion why the question sought to have been preserved in said Bill No. 7 is not before us. The request for leave to file such second motion is refused.