OTIS WILLIAM HOOPER V. STATE

No. 27,122. November 3, 1954

*Clyde Vinson,* San Angelo, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the felony offense of drunk driving (Art. 802b, Vernon's P. C.), with punishment assessed at a fine of $1,000 and thirty days in jail.

As pointed out in appellant's brief, the sole question presented by this appeal relates to the receipt in evidence of the certified copy of the judgment showing appellant's prior conviction for the misdemeanor offense of drunk driving.

The prosecution was had in Sterling County. The prior conviction was alleged in the indictment to have occurred in Upton County, in Cause No. 1488 against the appellant.

To establish such allegation, the state offered in evidence and relied upon a certified copy of that judgment of conviction.

To the introduction of such certified copy, appellant objected because it was not filed among the papers in the case or notice of such filing given to the appellant or his counsel, as required by the statutes of this state.

Whether Art. 3726, Vernon's R. C. S., as amended, required such filing or notice, we do not here determine, for we are of the opinion that the instant question is controlled by Art. 3731a, Vernon's R. C. S., as amended in 1953.

This statute authorizes the introduction in evidence of "any written statement, certificate, record, return or report made by an officer of this state or of any governmental subdivision thereof, or by his deputy or employee, in the performance of the functions of his office shall be, so far as relevant, admitted in the courts of this state as evidence of the matters stated therein, subject to the provisions in Section 3."

Section 3, there mentioned, requires as a condition precedent to the admission of such writing the delivery of a copy to the

adverse party. Such notice requirement does not become necessary, however, "unless in the opinion of the trial court the adverse party has not been unfairly surprised by the failure to deliver such copy."

This record does not suggest, nor did the appellant in his objection say, that he was surprised at the effort of the state to introduce in evidence the certified copy of the judgment in the case. Moreover, appellant was charged, of necessity, with notice in the indictment that a copy of the judgment would be offered in evidence by the state.

These facts fail to evidence any unfair surprise to appellant or his counsel by which we would be warranted in saying that the trial court was not authorized to reach the conclusion that he did—which was that the appellant was not unfairly surprised at his failure to receive,. in advance of the trial, a copy of the judgment of prior conviction.

No reversible error appearing, the judgment is affirmed.

Opinion approver by the court.