YANCY A. MCGOWEN V. STATE

No. 27,794. February 29, 1956.
Appellant's Motion for Rehearing Overruled May 9, 1956.
Appellant's Second Motion for Rehearing Overruled
(Without Written Opinion) June 6, 1956.
Petition for Writ of Certiorari Denied by Supreme Court of
United States November 7, 1956, filed in Court of
Criminal Appeals November 12, 1956.

*Sam L. Harrison,* San Antonio, for appellant.

*Russell F. Wolters,* Houston, *amcius curiae.*

*Dan Walton,* District Attorney, *Eugene Brady* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The offense is murder, the punishment, death.

The indictment charged that the appellant killed Herbert Schwartz by cutting and stabbing him with a knife, and further alleged a prior conviction of a capital offense for the purpose of enhancing the punishment under Article 64, V.A.P.C.

The state's evidence shows that the deceased and three companions were seated at a table in the 2K Sandwich Shop in the city of Houston between 1:30 and 2 o'clock a.m., on the morning of October 17, 1954. After they were seated at the table the appellant and a man by the name of Falconnier and two women came in and seated themselves at an adjoining table. Shortly after the appellant and Falconnier reached their table they made some insulting remarks which were directed at those seated at the deceased's table. One of such remarks was in regard to "the Jew bastards," and which referred to the deceased and his three companions. After the remarks were made, the deceased turned towards appellant's table and told the appellant and Falconnier to shut up or get out. In a minute or two the appellant and Falconnier arose from their seats and stood up over the deceased and began striking and beating him. Appellant was standing behind the deceased, who was seated, and pounding him on the left side of the chest. After the deceased began bleeding freely in the region of the chest it was observed that appellant had a knife in his hand. When one of the deceased's companions, Gary Dale, and the night manager of the place, John M. Hughes, attempted to stop the appellant he cut them with a knife.

Appellant then backed to the front door holding the knife in his hand and went to his car and drove away. When he was

arrested a short time later he had in his hand an open switch blade knife with a blade 3¼ inches long.

The deceased was immediately carried to the Herman Hospital and upon examination it was found he had a wound in the left chest and that the left sublavan artery had been cut and about three fourths severed. The deceased died the following day, after undergoing surgery, as the result of loss of blood and complications which set in from the injury to the blood vessel.

The state offered in evidence certified copies of the indictment, judgment and sentence in a certain cause, No. 6271, styled The State of Texas v. Y. A. McGowen in the district court of Cherokee County, wherein the defendant in said cause was, on the 3rd day of February, 1937, convicted for the murder of Mary McKinney and sentenced to life imprisonment in the penitentiary.

Proof was made by the state that the appellant was the same person who was convicted in said cause and that the conviction was a final conviction.

Appellant did not testify or offer any witnesses in his behalf.

Appellant insists that the court erred in overruling his application for a change of venue after refusing to hear testimony in support of the same. No error is shown in the court's ruling as the application was insufficient because it was not supported by the affidavits of two credible persons, as required by Article 562, V.A.C.C.P. Lacy v. State, 133 Tex. Cr. R. 363, 111 S.W. (2d) 264; and King v. State, 147 Tex. Cr. R. 27, 152 S.W. (2d) 342.

Complaint is made of the action of the court in overruling appellant's first application for continuance or postponement which was not sworn to by the appellant but by his attorney. The application, not being sworn to by the appellant, as required by Article 545; V.A.C.C.P., was by the court properly overruled. Parsons v. State, 160 Tex. Cr. R. 387, 271 S.W. (2d) 643.

In the court's Bill of Exception No. 89 appellant contends that he was limited in his voir-dire examination of the prospective jurors because of the court's examination and interrogation of the jurors as to their qualifications.

The bill sets out the court's interrogation of two of the veniremen and reflects that the court tested their qualifications by inquiring of them if they had formed any opinion as to the appellant's guilt or innocence; whether they had any conscientious scruples against the infliction of the death penalty for the punishment of crime; inquired of the veniremen if they could follow the instructions of the court on the presumption of innocence and that the indictment was no evidence of guilt, and the court's instruction that the prior conviction alleged in the indictment could not be considered by them as any evidence of guilt in the case on trial.

The court certifies in the bill that neither of the prospective jurors, whose interrogation is shown therein, were impanelled on the jury; that it was not certified by the court that he resorted to any lengthy interrogation of such prospective jurors, nor that he asked any prospective jurors any question that could or might have prejudiced them against the appellant. The court states in the bill that the method being employed by the appellant in examining the prospective jurors was causing an unnecessary length of time and seemingly purposely wasting the time of the court; that his only purpose in interrogating the jurors was to conserve the time of the court and of the prospective jurors, and to afford appellant a fair trial. *The court further certifies in the bill that he did not limit the questioning of the prospective jurors by appellant, and permitted him to interrogate each prospective juror fully and to ask each juror any proper question he desired.*

The right of an accused to examine a prospective juror on voir-dire examination is unquestioned. As a general rule, great lattitude should be allowed a party interrogating a venire in order to enable his counsel to determine, in an intelligent manner, the desirability of exercising his right of a peremptory challenge, and is such a right as should not be unnecessarity limited.

Under the facts certified in the bill it appears that the appellant was permitted to fully interrogate each prospective juror and to ask any proper question he desired. Having been afforded this right, we overrule appellant's contention that he was limited by the court in his examination of the prospective jurors. The authorities relied upon by the appellant are cases where the court refused to permit certain inquiries to be made of prospective jurors on voir-dire examination, and are not here controlling.

Appellant insists that the prior conviction in the district court of Cherokee County, which was alleged in the second count of the indictment for enhancement purposes, was void and not a final conviction because the court, in pronouncing sentence, did not give application of the indeterminate sentence law and for the further reason that the judgment and sentence were not signed by the judge.

This attack upon the prior conviction was made during the trial by motion to quash the indictment, objection to evidence, and by motion in arrest of judgment. Appellant also filed an application for a writ of habeas corpus which was based upon his contention that the prior conviction alleged in the indictment was void. When the case was called for trial and appellant was called upon for an announcement he informed the court of the filing of the application for the writ of habeas corpus and requested the court to hear the application and determine the matters raised therein before calling upon him for an announcement in the case.

The prior conviction in the district court of Cherokee County was not void because the court, in pronouncing sentence, failed to apply the indeterminate sentence law. Hall v. State, 158 Tex. Cr. R. 243, 254 S.W. 2d 523. Nor did the failure to apply the indeterminate sentence law affect the finality of the prior conviction. The indeterminate sentence only relates to the time required to be served in discharge of the punishment assessed. The failure of the judge to sign the judgment, sentence or minutes of the court did not affect their validity. Hurley v. State, 35 Tex. Cr. R. 282, 33 S.W. 354; Epps v. State, 130 Tex. Cr. R. 398, 94 S.W. 2d 441; and Moye v. State, 153 Tex. Cr. R. 449, 220 S.W. 2d 651.

We overrule appellant's contention that the court should have postponed the trial until he had heard and disposed of the application for the writ of habeas corpus.

The court did not err in admitting in evidence the certified copies of the indictment, judgment and sentence in the case in the district court of Cherokee County over appellant's objection that the official records from the district clerk's office were the best evidence. Arnold v. State, 127 Tex. Cr. R. 89, 74 S.W. 2d 997; and Hooper v. State, 160 Tex. Cr. R. 441, 272 S.W. 2d 103. Nor did the court err in permitting the state to introduce in evidence and read to the jury the indictment in the prior case. Nabors v. State, 137 Tex. Cr. R. 465, 131 S.W. 2d 962.

The official penitentiary records, including appellant's finger prints, were admissible in evidence on the issue of appellant's identity as the same person who was convicted in the prior case alleged. Handy v. State, 160 Tex. Cr. R. 258, 268 S.W. 2d 182.

The indictment alleged that the appellant did kill Herbert Schwartz by *cutting and stabbing* him with a knife. In his charge the court instructed the jury to convict the appellant if they believed that he did kill Herbert Schwartz by "either or both of" the means alleged in the indictment.

Appellant excepted to the use of the words "either or both of" in the charge and moved that they be deleted on the ground that their insertion would have a tendency to lessen the burden of proof on the state.

Under the facts, we fail to perceive any injury to the appellant by the use of these words in the charge. The evidence shows that the deceased died as the result of a knife wound inflicted by the appellant. The wound was referred to by the witness as both a stab wound and a cut. The knife pierced the skin and cut an artery. The state's witness, Dr. W. W. Coulton, testified before the jury that a stab and a cut were the same thing.

We find no error in the court's charge in submitting to the jury the issue as to whether the deceased was Herbert Schwartz, or was commonly known by that name. The issue having been raised by the evidence, it was properly submitted to the jury. Davis v. State, 11 S.W. 647; and McGinnis v. State, 127 Tex. Cr. R. 621, 78 S.W. 2d 978. The testimony of the deceased's three companions that he was known by that name was sufficient to sustain the allegation in the indictment that the person killed was "Herbert Schwartz."

Appellant's contention that the state failed to discharge its burden of proving the cause of death of the deceased is overruled, as the evidence sufficiently shows that the deceased died as the result of a knife wound received at the hands of the appellant.

Other claimed errors urged by the appellant have been considered and in our opinion do not reflect error.

Finding the evidence sufficient to sustain the verdict, the judgment is affirmed.

Opinion approved by the Court.

DAVIDSON, Judge, dissenting.

Art. 64, P.C., reads as follows:

"Second conviction for capital offense. A person convicted a second time of any offense to which the penalty of death is affixed as an alternate punishment shall not receive on such second conviction a less punishment than imprisonment for life in the penitentiary."

The state invoked the provisions of that article in this case by alleging and thereby undertaking to prove that, prior to the commission of the instant murder, appellant had been convicted in the district court of Cherokee County for the crime of murder.

The alleged prior conviction was duly submitted to the jury by the trial court.

This conviction is dependent upon the sufficiency of the evidence to sustain the jury's finding that appellant had been convicted in Cherokee County, as alleged.

If the evidence does not show such prior conviction or the facts present a reasonable doubt thereof, then this conviction should not stand.

In order for a conviction to be final within the meaning of Art. 64, P.C., two things must be reflected: (a) the conviction must be final, and (b) it must have become so, prior to the commission of the second murder. If either of these two conditions be lacking, then the statute, Art. 64, P.C., is not invoked. Arbuckle v. State, 132 Tex. Cr. R. 371, 105 S.W. 2d 219.

In a felony case, the sentence is the final judgment of conviction, without which there is no conviction. Ex parte Hayden, et al, 152 Tex. Cr. R. 517, 215 S.W. 2d 620; Lutz v. State, 146 Tex. Cr. R. 158, 172 S.W. 2d 342.

Now what is necessary to constitute a sentence in a felony case?

Art. 767, C.C.P., reads as follows:

"A 'sentence' is the order of the court, made in the presence of the defendant, and entered of record, pronouncing the judgment, and ordering the same to be carried into execution in the manner prescribed by law."

Note is taken of the mandate of that statute which requires that the sentence order the judgment of the court to be carried into execution. Unless and until that provision of the statute is complied with, there is no sentence and there is no final conviction.

Now, let us look to the facts in the instant case to see if the record reflects a valid prior conviction of appellant for the offense or murder in Cherokee County.

The state offered in evidence the following sentence:

"THE STATE OF TEXAS
No. 6271 Vs.
Y. A. McGOWEN

IN THE DISTRICT COURT OF
CHEROKEE COUNTY, TEXAS
JANUARY TERM, 1937.
"FEBRUARY 3, 1937.

"THIS DAY This cause being again called, the State appeared by her District Attorney, and the Defendant, Y. A. McGowen, was brought into open Court, in person, in charge of the Sheriff, for the purpose of having the sentence of the law pronounced in accordance with the verdict and the judgment herein rendered and entered against him on a former day of this term, and thereupon the Defendant, Y. A. McGowen, was asked by the Court whether he had anything to say why said sentence should not be pronounced against him, and he answered nothing in bar thereof, whereupon the Court proceeded in the presence of the said Defendant, Y. A. McGowen, to pronounce sentence against him as follows:

" 'It is the order of the Court that the Defendant, Y. A. McGowen, who has been adjudged to be guilty of Murder be delivered by the Sheriff of Cherokee County, Texas, immediately to the Superintendent of the Prison System of The State of Texas, or other person legally authorized to receive such convicts, and the said Y. A. McGowen shall be confined in said penitentiaries for a term of life in accordance with the provi-

sions of the law governing the penitentiaries and the Prison System of the State, and the said Y. A. McGowen is hereby remanded to jail until said Sheriff can obey the directions of this sentence.' "

"THE STATE OF TEXAS
COUNTY OF CHEROKEE

"I, W. T. Parrott, Clerk of the District Court here and for said County of Cherokee, State of Texas, hereby certify that the above is a true and correct copy of the sentence in the above entitled Cause and it appears of record in the Criminal Minutes of said Court in Volume RA, Page 143.

"WITNESS MY HAND AND SEAL of office at Rusk, Texas, this 20th day of December, 1954.

                              "W. T. Parrott
                              "Clerk of the District Court
                              "Cherokee County, Texas,
"and impressed with the Seal."

The appellant introduced in evidence the following sentence:

"THE STATE OF TEXAS
No. 6271     Vs.
Y. A. McGOWEN
                    IN THE DISTRICT COURT OF
                        CHEROKEE COUNTY, TEXAS
                    "JANUARY TERM, 1937.
                    "FEBRUARY 3, 1937.

"THIS DAY This cause being again called, the State appeared by her Dist. Attorney, and the Defendant Y. A. McGowen was brought into open Court, in person, in charge of the Sheriff, for the purpose of having the sentence of the law pronounced in accordance with the verdict and the judgment herein rendered against him on a former day of this term, and thereupon the Defendant, Y. A. McGowen, was asked by the Court whether he had anything to say why said sentence should not be pronounced against him, and he answered nothing in bar thereof, whereupon the Court proceeded, in the presence of the said Defendant Y. A. McGowen, to pronounce sentence against him as follows:

" 'IT IS THE ORDER OF THE COURT That the Defendant Y. A. McGowen, who has been adjudged to be guilty of Murder and whose punishment has been prescribed at confinement in the penitentiary for term of life, be delivered by the Sheriff of Cherokee County, Texas, immediately to the Superintendent of Penitentiaries of the State of Texas, or other person legally authorized to receive such convicts, and the said Y. A. McGowen shall be confined in said penitentiaries of said State, and the said Y. A. McGowen is remanded to jail until said Sheriff can obey the directions of this sentence.' "

"THE STATE OF TEXAS
COUNTY OF CHEROKEE

"I, W. T. Parrott, Clerk of the District Court in and for State and County aforesaid, do hereby certify that the within and foregoing is a true and correct copy of Sentence,

"In Cause No. 6271 wherein

"THE STATE OF TEXAS

"is Plaintiff,

"and Y. A. McGOWEN

"is Defendant,

"as the same appears of record in this office in Crim. Min. Vol. R. A., Page 143.

"Given under my hand and seal of office, this the 6th day of March, A.D. 1955.

"Signed: W. T. Parrott
"Clerk District Court
"Cherokee County, Texas

"Seal impressed. "By:_____
"Deputy"

Attention is called to the fact that the sentence offered in evidence by the state complies with the provision of Art. 767, C.C.P., as to the requisites of a valid sentence, while the sentence offered in evidence by the appellant shows no compliance with those provisions which would reflect the validity thereof.

As demonstrating the correctness of the conclusion just expressed, I quote from the sentence offered by the state, as follows:

" . . . and the said Y. A. McGowen shall be confined in said penitentiaries for a term of life in accordance with the provisions of the law governing the penitentiaries and the Prison System of the State . . . . "

Such wording shows a compliance with Art. 767, C.C.P., which requires that the sentence order the judgment to be carried into execution.

When we look to the sentence introduced in evidence by the appellant, we find no such language therein as above quoted. Indeed, that sentence nowhere orders that the accused be confined in the penitentiary for any minimum period of time.

The absence of such an order is fatal to the validity of the sentence, for without an order directing the judgment to be carried into execution, there is no sentence. There is no direction therein to the penitentiary authorities as to the length of time the accused is to be confined in the penitentiary.

It is impossible for the appellant and the penitentiary authorities to know the minimum length of time he is required to serve.

The situation here presented is very similar to that shown in Owens v. State, 116 Tex. Cr. R. 184, 28 S.W. 2d 133. In that case the conviction was for the felony offense of drunken driving. A sentence was necessary in that case. There, the purported sentence read:

" 'It is the order of the court that the defendant Walter Owens who has been adjudged to be guilty of driving a car while intoxicated and whose punishment has been prescribed at a fine of one hundred dollars and ten days confinement in the county jail.' "

The similarity in the language there employed and that in the instant case is apparent. There is an absence in each case of an order directing that the judgment be carried into execution. The conclusion in the Owens case was that the sentence was invalid.

It is apparent, therefore, that the statement of facts in this case reflects that two instruments, each purporting to be the sentence in the same case, were introduced. One of those instruments—the one offered in evidence by the state—reflects that the statutory requirements to constitute it a valid sentence were complied with. The other—the one offered in evidence by the appellant—reflects that the statutory requirements to constitute it a valid sentence were not complied with.

The correctness of the sentence offered by the state was certified to by the clerk of the district court of Cherokee County on the 20th day of December, 1954. The correctness of the sentence offered by the appellant was certified to by the same district clerk, some two and a half months later, on March 6, 1955.

There is nothing in this record explaining the discrepancy between the two sentences. One of the sentences is wrong. We have no way of determining from this record which one it is.

The sufficiency of the sentence was a question of law. The verdict of the jury finding appellant had been convicted prior thereto could not render valid a sentence which was legally insufficient in the first place.

Here we have two separate and distinct pieces of evidence, each coming from the same source and of equal verity one with the other. One of those pieces of evidence is consistent with appellant's guilt and the finding of the jury. The other is consistent with his innocence and inconsistent with his guilt. What is the legal effect of such a situation?

Art. 9, P.C., provides that every person accused of an offense is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt. Art. 705, C.C.P., also provides the same guarantee.

Under those statutes we have held that:

" 'A party on trial is not presumed to be guilty because the facts are consistent with his guilt, but they must be inconsistent with his innocence.' " (Southerland v. State, 11 S.W. 314).

Also in Rezeau v. State, 95 Tex. Cr. R. 323, 254 S.W. 574, at p. 577, this court said:

"We cannot presume against one on trial in a criminal case,

nor impute a guilty construction or inference to the facts, when a construction or inference compatible with innocence arises therefrom with equal force and fairness."

Under the rules stated, no construction may be given to the two sentences offered in evidence in this case other than that the one offered in evidence by the appellant casts a reasonable doubt as to the correctness of the sentence offered in evidence by the state.

As a matter of law, the sentence put in evidence by appellant is consistent and compatible with his innocence and is of equal force with that offered in evidence by the state and necessary to establish this conviction.

Under the facts of this case, the sentence relied upon by the state does not establish beyond a reasonable doubt that appellant was finally convicted of murder in Cherokee County, as alleged in the indictment.

But a determination of this case is not alone dependent upon that conclusion.

The sentences shown in the statement of facts are defective in other particulars:

Art. 775, Vernon's C.C.P., as amended, which is the indeterminate sentence law, provides:

"If the verdict fixes the punishment at confinement in the penitentiary for more than the minimum term, the Judge in passing sentence shall pronounce an indeterminate sentence, fixing in such sentence as the minimum the time provided by law as the lowest term in the penitentiary and as the maximum the term stated in the verdict . . . . "

In neither of the sentences in the Cherokee County case was indeterminate sentence law complied with. Such law was applicable and should have been applied in that case. Price v. State, 150 Tex. Cr. R. 161, 199 S.W. 2d 168.

In Ex parte Davis, 157 Tex. Cr. R. 370, 248 S.W. 2d 133, we held that Art. 775, C.C.P., was mandatory. Indeed, this court has required that such article be complied with in all cases, where applicable, and has refused to affirm any case where the indeterminate sentence law was not applied in a case subject

thereto. To that end, this court, has, itself, amended and reformed sentences by applying the indeterminate sentence law where such had not been done by the trial court when necessary. The cases are multiple wherein this court has performed that duty, as shown by Note 10 of Art. 775, C.C.P., as amended. In Jackson v. State, 136 Tex. Cr. R. 574, 126 S.W. 2d 965, a murder case, a life sentence was reformed by this court so as to apply the indeterminate sentence law.

In all those instances, was this court doing an entirely superfluous and useless thing in seeing to it that a sentence, in order to be final and enforceable, must comply with the indeterminate sentence law?

To justify their holding that the sentence in the Cherokee County case was a valid sentence and therefore showed a final conviction of appellant, though the indeterminate sentence law was not complied with but wholly ignored, my brethren say that the failure to apply the indeterminate sentence law thereto did not render the sentence void.

I do not understand that appellant is insisting that the sentence was void. All that he contends is that the sentence is not final. It is his contention that unless and until the indeterminate sentence law is applied, the sentence is not finally passed and that a final conviction cannot result until that is done.

The correctness of appellant's contention is established by the acts of this court, itself. If there can be a final conviction without applying the indeterminate sentence law, this court has long been guilty of doing a useless thing.

The fact that this court always requires the application of the indeterminate sentence law demonstrates the necessity therefor.

The Cherokee County conviction not having been appealed from, no final sentence has been entered in that case, because the indeterminate sentence law was not complied with. When this is done, the sentence will be final; until that is done, the sentence cannot be final.

Appellant has not been here tried and convicted according to law.

My brethren remain convinced that a correct conclusion was

reached herein, originally, and appellant's motion for rehearing is overruled.

To that conclusion, as well as to the affirmance of this case, I do not agree and respectfully dissent.