# WALTER MURPHY V. STATE

No. 28,281. May 9, 1956.

*Walter Conway,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge

The conviction is for aggravated assault with a prior conviction for a like offense alleged for enhancement of the penalty; the punishment, two months in jail and a fine of $90.

The primary offense was alleged to have been committed by Walter Murphy on or about September 16, 1955, and the state offered sufficient evidence to show the commission by him of said offense.

The state offered proof of the conviction of one Walter Murphy, Jr., on September 2, 1953, for the offense of aggravated assault.

Appellant did not testify or offer any testimony in his behalf.

Appellant challenges the sufficiency of the evidence to show that he is the identical person previously convicted of aggravated assault on September 2, 1953, as alleged.

The state introduced in evidence the original judgment in

Cause No. 63700, styled, The State versus Walter Murphy, Jr., in Criminal District Court No. 2 of Harris County. The judgment reveals that on September 2, 1953, Walter Murphy, Jr., was adjudged guilty of the offense of aggravated assault and his punishment was assessed at thirty days in jail.

R. R. Rifle, fingerprint classifier of the Houston Police Department, whose qualifications were stipulated, while testifying identified appellant as Walter Murphy and also as the same person whose fingerprints he took on September 17, 1955, and also identified a fingerprint card on which he took appellant's fingerprints, which card was introduced in evidence and marked as State's Exhibit No. One.

Deputy Sheriff Minton, fingerprint classifier of the sheriff's office of Harris County, testified that a fingerprint card in the records of that office revealed that the fingerprints of Walter Murphy, Jr., were taken and filed on September 2, 1953, and also showed that he entered the Harris County jail on September 2, 1953, and was released on October 1, 1953; and another fingerprint card of September 17, 1955, showed that Walter Murphy entered said jail on September 17, 1955. He further testified that the fingerprints on each of these fingerprint cards were of the same person, and both fingerprint cards were introduced in evidence and marked as State's Exhibit No. Two.

R. R. Rifle was recalled by the state and testified in part as follows:

"Q. Mr. Rifle, I will hand you two records bearing State's Exhibit No. 2 and ask you to compare prints on State's Exhibit No. 1 with the fingerprints of State's Exhibit No. 2, and have you tell us whether or not you have an opinion as to whether those prints were made by the same individual? A. I would say they are identically the same."

The two cards marked State's Exhibit No. Two on which appear the fingerprints and which the evidence shows to be records of the sheriff's office also reflect: the record card Number 131267 on Walter Murphy, Jr., shows his address to be 7610 East Magnolia, Eyes—B, Hair—B, Weight—173, Height —6'2", Build—S, Complex—C, Sex—M, Nat.—C, Age—37, Place of Birth—Houston, Texas, Date of Birth—12-23-1915, Offense—Aggravated Assault, Court—63700, 30 days in jail, Relative—wife, Freddie Mae Murphy, 7610 East Magnolia, Date In

9-2-53, Date Out—10-1-53, and shows the signature "Walter Murphy" and "commit print" and "release print" under which are original fingerprints. On the back of the card appears under "Offense," aggravated assault, under "Date," appears 9-2-53, and under "No." appears 63700 c. The second card, Number 149829 on Walter Murphy shows the same address, height, build, birthplace, and date of birth. It shows the date of admission as 9-17-55 and the date of release as 9-17-55 and bears the signature "Walter Murphy" which appears to be the same as on the 1953 card.

We find the evidence sufficient to show the identity of the appellant as the person convicted of the prior offense alleged.

Appellant insists that the trial court erred in permitting the witness Minton, a fingerprint classifier, to testify on the ground that the rule as to witnesses had been invoked and he had been in the courtroom and had heard the witness Rifle, another fingerprint classifier, testify.

The witness Rifle when first called as a witness testified only as to the card showing appellant's fingerprints taken by the police department and marked State's Exhibit No. One. Witness Minton was then called and his testimony related only to the fingerprints shown by the records in the sheriff's office which were marked State's Exhibit No. Two. Witness Rifle was then recalled for the purpose of comparing the fingerprints on State's Exhibits Nos. One and Two. The testimony of Rifle which was given before Minton was first called did not furnish any information which could have influenced or had any bearing on Minton's testimony. Further, it is noted that the witness Minton was recalled and testified without objection concerning the fingerprint cards marked State's Exhibit No. Two.

Under the facts we find that the trial court did not abuse its discretion in admitting Minton's testimony.

Appellant urges error in the admission in evidence of the indictment in the cause of the prior conviction alleged and the reading of it to the jury over his objection "on the grounds the original indictment was assault to murder."

The indictment was admissible to show jurisdiction in the court where appellant had been previously convicted. No error is reflected. Nabors v. State, 137 Tex. Cr. R. 465, 131 S.W. 2d 962.

194

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.