Carl Allen ROBINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 37596.

Court of Criminal Appeals of Texas.

Jan. 27, 1965.

Rehearing Denied March 10, 1965.

Louis S. Aselin, Houston, Will Gray, Houston (On Appeal Only) for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and J. R. Musslewhite, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for the possession of narcotics with two prior convictions less than capital alleged for enchancement; the punishment, life.

Aline Toman testified that on July 11, 1963, she was employed by Jones Apothecary No. 5 in Houston. While testifying, she identified the appellant as the same person who entered the pharmacy and asked for nose drops and stated that as she, the pharmacist, and the appellant stood within three or four feet of the narcotics cabinet, the appellant exhibited a pistol, ordered them to be quiet, and told the pharmacist that he wanted the "hard" narcotics; that as the pharmacist opened the narcotics cabinet the appellant told him "not to be a hero or anything like that because he would kill him" and began naming the drugs that he wanted and examined them as they were removed from the cabinet, and after he got the narcotics he wanted, the appellant tied them up, ripped the telephones off the walls, took the box containing the narcotics, and walked out the front door.

Officer Hightower testified that when he and several other officers arrived at the appellant's apartment he (appellant) was told that they had an arrest warrant for him for robbery with firearms of the Jones Apothecary and handed him the warrant. After the appellant looked at the warrant, Officer Hightower told him that "we want the narcotics that you got out of the Jones Apothecary." In answering the appellant said, "O.K., I will get them for you" and then led the officers to the front porch to a large cardboard box containing toys.

From among the toys he took a teddy bear, a dog and a small rubber ball, and as he handed them to the officers he said that the narcotics were inside these items. After returning inside the apartment, they removed the contents of the teddy bear, the dog and the ball, which consisted of "bottles; some were loose in the ball; and they were in different containers", and all were placed in an envelope which was marked State's Exhibit No. 4. While Officer Hightower was testifying, some of the items in Exhibit No. 4 were removed and placed in an envelope which was marked State's Exhibit No. 5. Officer Hightower further testified that the appellant got a pair of grey slacks from a small room in the apartment and removed a white powder from inside the waistband, which powder was placed inside an envelope marked Exhibit No. 4 which he identified and it was then marked State's Exhibit No. 6. On cross-examination Officer Hightower testified that: "First of all, I didn't search in the toy box or the waistband of his trousers. The defendant recovered these articles from the toy box and the trousers and turned them over to us."

Raymond Giovannini testified that he was manager and pharmacist of Jones Apothecary No. 5 on July 4 and 11, 1963, and that there were narcotics in the store at that time. After examining State's Exhibit No. 5, he testified that the bottles bore the cost markings which he had put on them when placed in the narcotics cabinet.

Chemist McDonald, while testifying, identified State's Exhibit No. 5, which was an envelope containing several bottles and vials, and stated that he personally made a chemical analysis of their contents which revealed that they contained morphine and dilaudid and that his analysis of State's Exhibit No. 6 revealed a content of four grains of morphine powder. He further testified that morphine and dilaudid were narcotics.

Proof was offered of the prior convictions of burglary and forgery as alleged

and that appellant was the same person so convicted. This proof was made in accordance with that approved by this court in Broussard v. State, Tex.Cr.App., 363 S.W.2d 143.

The appellant did not testify but called two witnesses from the jail who testified that they were there when the appellant was placed in jail for the primary offense charged herein, that they observed his physical condition at the time he entered, and that he had bruises, and red and yellow marks on his stomach, ribs and on his back over his kidneys.

It is insisted that the trial court erred in admitting evidence of extraneous offenses, and also in admitting the fruits of a search as the result of an arrest upon a warrant for a separate and distinct offense, and in permitting the display before the jury of narcotics other than morphine and dilaudid.

■ The evidence reveals that at the time of appellant's arrest for robbery the arresting officer asked appellant for the narcotics he took during the robbery of Jones Apothecary, that appellant took the teddy bear, dog, and ball from the cardboard box on the porch and, as he handed them to the officers, he stated that the narcotics were in them. This evidence was admissible to show appellant's possession of narcotics, as charged, even though it developed facts other than the possession of morphine and dilaudid, and also another offense (robbery). McCoy v. State, 144 Tex.Cr.R. 309, 162 S.W.2d 976.

■ It is contended that the trial court erred in refusing to grant appellant's motion for mistrial when the state's attorney asked Officer Hightower if the appellant was under the influence of narcotics at the time he entered the apartment.

The question was not answered and was withdrawn by the state, and the court instructed the jury not to consider it for any purpose. No error appears in refusing the motion for mistrial.

Appellant contends that the trial court "erred in permitting the State to delve into the details of a prior conviction, showing the indictment and a copy of the physical evidence therein, and improperly eliciting testimony from a witness in that prior conviction, over timely objection."

■ The original indictment charging the offense of forgery in the prior conviction as alleged for enhancement was sufficiently identified to authorize its admission in evidence. In offering proof of the date of the commission of the offense of forgery, the state exhibited the indictment to the witness whose name was allegedly forged to the check, and asked him to examine it and "a copy of an alleged check that is attached to that indictment." The testimony of said witness reveals that the offense of forgery was committed in September, 1957.

Appellant renewed his objection to the indictment, and also objected to the admission of the copy of the check on the ground that the state was delving into the details of the prior conviction which was beyond the scope of this trial and was trying him for the alleged prior conviction.

■ It was incumbent upon the state to prove the prior conviction, and the indictment was admissible as a part of such proof. Nabors v. State, 137 Tex.Cr.R. 465, 131 S.W.2d 962; McGowen v. State, 163 Tex.Cr.R. 587, 290 S.W.2d 521; Johnson v. State, 167 Tex.Cr.R. 598, 322 S.W.2d 540.

It is evident from the record and the original indictment of forgery alleging the prior conviction that the check set out in said indictment and the copy are of the same check.

■ The information contained in the copy of the check complained of was prop-

erly before the jury in the indictment. Therefore no reversible error is shown.

The other contentions urged have been examined and they do not show error.

The evidence is sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.