## EX PARTE MAC HENRY DAVIS.

No. 25,730. February 27, 1952.
Relator's Motion for Rehearing Denied April 9, 1952.
Relator's Second Motion for Rehearing Denied (Without
Written Opinion) April 30, 1952.
Writ of Certiorari Denied by Supreme Court of the United States
June 2, 1952.

Relator represented himself.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Relator, an inmate of the state penitentiary, filed his application for habeas corpus before Hon. Max M. Rogers, Judge of the 12th Judicial District of Texas. Judge Rogers heard the testimony and ordered the writ issued, returnable to this court.

Appellant's confinement is by virtue of a conviction in cause No. 16,437 in the district court of Jefferson County of the offense of robbery with firearms, he having been on October 8, 1946, sentenced to a term of 25 years in the penitentiary.

The judgment of conviction in said cause shows that relator appeared "in person and by counsel," and that upon his plea of guilty, a jury assessed his punishment at 25 years in the penitentiary.

Appellant is entitled to have the sentence construed as an indeterminate sentence of not less than 5 years nor more than

25 years, though the sentence may not be reformed in this collateral proceeding. See Ex Parte Brewer 156 Texas Crim. R. 369, 242 S.W. (2) 430.

Appellant testified in the hearing before Judge Rogers that he had no counsel and that none was appointed for him in cause No. 16,437.

Such testimony is not sufficient to overcome the above recitation found in the judgment. Further, relator's testimony is contradicted by other facts and circumstances in the record, including the affidavit of the trial judge.

Relator's confinement being lawful, the relief prayed for is denied.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

In our original opinion, we said that relator was entitled to have his 25-year sentence construed as an indeterminate sentence of not less than 5 nor more than 25 years. He now asks that we reform such sentence. This is not the proper tribunal for such motion. Relator may move the trial court to do so. But whether this is done or not, the penitentiary authorities and the Texas Board of Pardons and Paroles will be controlled in their treatment of relator, as they are in all cases, just as if the reformation had been effected. The provisions of Article 775, C. C. P., are mandatory.

Relator's motion for rehearing is overruled.