## L. T. CRAWFORD V. STATE

No. 27,538. April 13, 1955
State's Motion for Rehearing Denied
(Without Written Opinion) May 25, 1955

*Hardin & Hardin,* Ft. Worth, and *Sam Brown,* Lubbock, for appellant.

*A. W. Davis,* District Attorney, Paducah, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Appellant waived trial by jury, entered a plea of guilty before the court to the crime of burglary, and was assessed punishment at 12 years in the penitentiary.

Appellant being without counsel, the trial court appointed an attorney to represent him, in obedience to Art. 10a, C. C. P.

No witnesses were introduced or called to testify in support of the state's case. As a substitute for the actual appearance of the witnesses and the giving of their sworn testimony in open court; state's counsel and the counsel appointed by the court to represent appellant agreed and stipulated in writing that if certain named witnesses—one of whom was the owner of the alleged burglarized premises—were present they would testify to certain facts. The facts so agreed upon were sufficient to show appellant's guilt.

If the appellant, in person, agreed to such procedure and stipulation, the record does not so reflect.

Appellant's testimony on the hearing of the motion for new trial that his appointed counsel did not discuss his case with him was not denied. The appointed counsel did not testify upon the hearing of the motion.

Art. 12, Vernon's C.C.P., provides that where an accused waives trial by jury and enters his plea of guilty before the court, as was here done, "it shall be necessary for the State to introduce evidence into the record showing the guilt of the defendant . . . . and in no event shall a person charged be convicted upon his plea of guilty without sufficient evidence to support the same."

Has that statute been complied with here?

Counsel for the accused cannot agree that his client is guilty of the crime charged, nor can he admit the existence of incriminatory facts. This may be done only by the accused. Nels v. State, 2 Texas 280; Clayton v. State, 4 Texas App. 515; Murmutt v. State, 63 S.W. 634; Woodall v. State, 58 Texas Cr. R. 513, 126 S.W. 591; Sullivan v. State, 83 Texas Cr. R. 477, 204 S.W. 1169; 5 Texas Jur., p. 455; 42 Texas Jur., p. 79.

In Bell v. State, 2 Texas App. 215, it was held that an attorney could not waive the privilege accorded the accused to be confronted by the witnesses.

The rules stated have application where the relation of attorney and client exists.

Here, no such relationship is shown. The attorney, here, was appointed by the court to represent appellant. He made no effort to confer or advise with the appellant as his attorney but, instead and without appellant's approval, agreed to his guilt by agreeing that witnesses would testify to facts so showing.

In requiring the state to introduce "evidence into the record showing the guilt of the defendant," the legislature intended that no person could be convicted on his plea of guilty without evidence being introduced sufficient to show guilt.

Whether appellant, in person, might have waived that requirement is not before us, for there is no evidence that he did do so. The state here failed to meet the requirements of Art. 12, Vernon's C. C. P., which requires a reversal of the conviction.

The state cites Villarreal v. State, 152 Texas Cr. R. 369, 214 S.W. 2d 464, as sustaining the conviction. In that case the issue was not whether there was any evidence introduced, as here, but, rather, the right to object to the evidence that was introduced. The case is not deemed here in point for that reason.

The judgment is reversed and the cause is remanded.