ERNEST EDWARD GARRETT V. STATE

No. 27,613. May 25, 1955

*Ned G. Wallace,* Conroe, and *Sam W. Davis,* Houston, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted of negligent homicide of the second degree and assessed punishment of a fine of $250.00.

The record is before us without a statement of facts and the sole question presented is whether the allegations of the information are sufficient to charge an offense. By motion to quash, which was by the court overruled, appellant questioned the sufficiency of the information.

The information, in charging that appellant committed the offense while in the performance of an unlawful act, reads in part:

"*** was in the performance of an unlawful act, to-wit: that the said Earnest Edward Garrett was then and there unlawfully driving and operating a motor vehicle *** upon and along a public road and highway *** on the left-hand side of said public road and highway, when the left-hand side of said public road and highway was not then and there clear and unobstructed for a distance of at least fifty (50) yards ahead of the said automobile then and there being driven and operated by him ***, the said portion of said public highway then and there being clearly marked and determined as a no-passing zone, and the said *** while so unlawfully driving and operating said automobile upon the left-hand side of United States Highway Number 75, he, the said *** did then and there, with said automobile, strike and kill Frank H. Coleman, by unlawfully, negligently and carelessly driving and running said automobile into and against an automobile in which the said Frank W. Coleman was then and there an occupant ***."

From a reading of the above-quoted portion of the information, it is apparent that appellant was charged with committing the offense while in the performance of two unlawful acts: First, driving on the left-hand side of the highway when the same was not clear and unobstructed for a distance of at least 50 yards ahead, in violation of Article 801 (A), V.A.P.C., and second, driving on the left-hand side of the highway in a no-passing zone determined by the State Highway Commission and clearly marked, in violation of Art. 6701d, Sec. 58, V.A.C.S.

The court, in his charge to the jury, submitted the issue of appellant's guilt under the allegation in the information which charged that appellant was in the performance of the unlawful act of driving a motor vehicle upon the left-hand side of the public highway when the same was not then and there clear and unobstructed for a distance of at least fifty (50) yards ahead.

Appellant first insists that the allegation in the information of the unlawful act of driving on the left-hand side of the highway in a no-passing zone was insufficient because of the failure to allege that the no-passing zone was one erected or established by the Texas Highway Department. This question is not before us because the court did not submit this unlawful act to the jury in submitting the issue of appellant's guilt.

Appellant next insists that the information does not allege an offense because it alleges the unlawful act of operating a motor vehicle upon a public highway when the same was not clear and unobstructed for a distance of at least fifty (50) yards ahead under Art. 801 (A) V.A.P.C., and that such article was repealed by the subsequent passage of the Uniform Act Regulating Traffic on Highways, Art. 6701d, V.A.C.S., by the 50th Legislature in 1947.

It is appellant's contention that Art. 801 (A) P.C., which, among other provisions, provides that "the driver or operator of any vehicle upon any public highway shall travel upon the right-hand side of such highway unless the road on the left-hand side of such highway is clear and unobstructed for a distance of at least fifty yards ahead" is in conflict with Section 54 (a) of Art. 6701d, supra, which provides that "the driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle," and Section 56 which prescribes certain limitations on overtaking a vehicle on the left, which section provides:

"No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible, and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must return to the right-hand side of the roadway before coming within one hundred (100) feet of any vehicle approaching from the opposite direction," and Section 57 which prescribes further limitations on driving a motor vehicle on the left side of the roadway where sight restriction is such that the section of the highway being

traversed lies within a no-passing zone as determined and marked in accordance with Section 58 of the Act.

Appellant calls our attention to the general repealing clause of Art. 6701d, found in Section 156, which provides in part:

"All laws or parts of laws inconsistent or conflicting with the provision of this Act are hereby repealed."

The rule is stated that, generally speaking, the legislature may repeal any statute at will. Repeals are of two kinds, express and implied. The question of repeal, whether express or implied, is one of legislative intent. 39 Texas Jur., p. 130, sec. 67.

A general repeal declares in substance that all acts and parts of acts in conflict with the new enactment are repealed; and in the absence of any constitutional prohibition against such method, a general repealing clause is effective to repeal prior enactments to the extent that they are inconsistent with, or repugnant to, the terms of the later statute. 39 Texas Jur. p. 131, sec. 68.

The doctrine of implied repeal may not be invoked merely because there is some difference, discrepancy, inconsistency or repugnancy between earlier and later legislation. Even though two acts or provisions relate to the same subject, the prior one will not be held to be impliedly repealed by the subsequent one unless there is an absolute, irreconcilable conflict, or repugnancy between the two, so that both statutes cannot stand. 39 Texas Jur. p. 143, sec. 77.

Although Article 801 (A) P.C., and Sections 54 (a), 56 and 57 of Art. 6701d, supra, relate to the driving of a motor vehicle on the left-hand side of the highway, we are of the opinion that the provisions of such statutes do not present an irreconcilable conflict.

Sections 56 and 57 of Art. 6701d, supra, specifically apply to a situation where the driver of a motor vehicle is overtaking and passing to the left of a motor vehicle proceeding in the same direction and sets out certain rules and limitations to be followed by the driver of the overtaking motor vehicle in passing to the left of the overtaken motor vehicle and returning to the right-hand side of the roadway. These regulations are only applicable where the driver of a motor vehicle is overtaking and

passing another motor vehicle. Section 58 only applies to the driving of a motor vehicle on the left-hand side of the roadway in a no-passing zone.

The act of driving on the left-hand side of the highway in a no-passing zone, or overtaking and passing a motor vehicle proceeding in the same direction, is not an element of the offense created by Art. 801 (A) P.C., which prohibits the driving on the left-hand side of the highway when the same is not clear and unobstructed for at least fifty yards ahead.

To hold that Art. 801 (A) P.C., was repealed by the subsequent passage of Art. 6701d, V.A.C.S., would, in effect, make it lawful to drive a motor vehicle on the left-hand side of the highway at any time and under any conditions except when driving in a no-passing zone or when the driver of a motor vehicle violates the provisions of Secs. 54 (a) or 56 of Art. 6701d, supra, regulating the overtaking and passing of another motor vehicle proceeding in the same direction. We are of the opinion that such was not the intention of the legislature in enacting Art. 6701d, supra.

Appellant cites the case of Dallas Railway & Terminal Co. v. Black, et al., 257 S.W. 2d 416, decided by the Supreme Court of Texas in 1953, as authority for his position taken in this case. While this court will give respect to the construction given a statute by the Supreme Court of this state, yet, from a reading of the opinion in the railway case, it is apparent that the court did not pass upon the question of a conflict between Article 6701d, supra, and Article 801 (A) P.C., here involved, but only passed upon the question of a conflict between Article 801 (k) P.C., and Sections 68 to 70 of Article 6701d, supra, which relate to the giving of a signal in turning or stopping a motor vehicle on a public highway.

We are of the opinion that Art. 801 (A) P.C., was not repealed, either expressly or by implication, by the subsequent enactment of Art. 6701d, V.A.C.S.

In our opinion, the information alleged the offense of negligent homicide in the second degree, and the conviction thereunder should be sustained.

The judgment is affirmed.

Opinion approved by the Court.