About midnight the officers paid another visit to the house and arrested three men who they saw gambling with dice on the plywood table.

Shortly after the officers entered this building the light above the table flickered. The officers investigated and traced the wire from the light to appellant's cafe building and through the building to a bench at a front corner of the cafe. Under the bench the officers discovered a "raise-up switch" which proved to be a switch whereby the one light in the house where the dice game was found could be turned on or off.

It was for the furnishing of the lighting and alarm system for the game room in the building in back of the cafe, and the electricity for its operation, that appellant stands convicted of unlawfully aiding in equipping a place where people resort for the purpose of gaming.

Appellant was arrested at the cafe after the wire had been traced. He testified and denied that there was such wiring and equipment or that he had ever had such a warning system in or about his cafe. He also denied any knowledge of gambling in the cafe building or the building to the rear. The jury resolved these issues against appellant.

It is appellant's contention that the statute does not prohibit the acts shown by the officers' testimony, but applies alone to those who furnish or equip a gambling house with implements and paraphernalia necessary to carry on the game (such as dice, roulette wheel, cards, dice table, poker table and the like) and who have an interest in the success of the gaming being carried on.

We overrule this contention and hold that the statute also applies to one who aids in equipping a place where people resort for the purpose of gaming with a means whereby those engaged in gambling, or in operating or exhibiting the game, may be warned of the approach of officers, such as a blinking light to be operated by a look-out.

The evidence is sufficient to sustain the jury's verdict and we find no reversible error.

The judgment is affirmed.

### Ex parte Billy Joe BRUINSMA.

No. 28692.

Court of Criminal Appeals of Texas.

Nov. 28, 1956.

Rehearing Denied Jan. 30, 1957.

Parker McVicker, Collins, Garrison, Renfrow & Zeleskey, Henry H. Rogers, Lufkin, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

Relator is confined in the penitentiary under two concurrent sentences pronounced in Criminal District Court of Jefferson County, Texas. He has attacked both sentences as void, and has been granted a hearing and an opportunity to develop the facts. The record made at such hearing before Hon. O. M. Lord, Judge of said Criminal District Court, is before us.

On April 14, 1954, in Cause No. 19,239, relator was assessed a ten year term for assault with intent to murder and was placed on probation, one of the conditions being that he commit no offense against the laws of this state.

The probation officer named in the order granting such probation having filed a motion alleging that on November 7, 1954, relator did rob, by the use of firearms, J. T. Sturrock, hearing was had on November 19, 1954, and the probation was revoked.

The trial judge found in the order of revocation that relator had violated the terms of his probation in that he committed the offense of Robbery by Assault, and sentenced relator to serve a ten year term in the penitentiary.

On the same day, November 19, 1954, relator pleaded guilty in Cause No. 19,789 to the indictment charging robbery by assault of J. T. Sturrock and was sentenced to a twenty year term for that offense.

At the recent hearing before Judge Lord, in which evidence was heard as to the validity of the two convictions, the motion of the State for entry nunc pro tunc of judgment and sentence in Cause No. 19,789 was granted and the judgment and sentence actually pronounced on November 19, 1954, and entered nunc pro tunc appear to be regular and no appeal has been prosecuted therefrom.

The judgment so entered shows that on November 19, 1954, appellant appeared before the court accompanied by his attorney, waived a jury and pleaded guilty to the second count of the indictment (which charged robbery by assault); that the first count of the indictment was duly abandoned by the State; that the consent and approval of the attorney representing the State was filed in the papers before the plea of guilty was entered, and that all prerequisites by law for the waiving of the right to trial by jury had been performed.

The judgment further recites that the State introduced evidence showing the guilt of the defendant which was accepted by the court and found sufficient to support the plea of guilty and the charge in the indictment.

The record on the hearing does not disprove these recitations of the judgment.

W. T. McNeill, a licensed attorney, appeared before the court at the trial of Cause No. 19,789 as appellant's attorney. He testified that he came to court at the request of relator's father-in-law and that the trial judge requested him to act for relator, and he did, and that he asked leniency of the court.

The State introduced in evidence the written confession of relator and the sworn statement of the prosecuting witness J. T. Sturrock, each of which was read in the presence of the court and of relator and his counsel. The affidavit and statement fully show relator's guilt.

We held in Villarreal v. State, Tex.Cr. App., 214 S.W.2d 464, that an accused on a plea of guilty before the court, may waive the appearance of witnesses and agree that their affidavit be introduced in evidence.

■ The affidavit and confession, in the absence of objection by appellant or his counsel, constituted evidence and was sufficient to support the plea of guilty. The record as well as the recitations of the judgment show a compliance with Art. 12 V.A.C.C.P.

Crawford v. State, 161 Tex.Cr.R. 554, 556, 278 S.W.2d 845, was a case where no evidence was introduced and court appointed counsel, without the defendant's approval, agreed that if certain witnesses were called they would testify to certain facts. Here the written sworn statement of the witness was introduced without objection, as was also the confession of relator.

■ As to the conviction in Cause No. 19,239, for assault with intent to murder, and the revocation of probation, no appeal has been prosecuted and we are aware of no basis upon which it could be said that the conviction is void.

■ It is true that the sentence is for ten years when it should have been for not less than two nor more than ten years, under the indeterminate sentence law, Art. 775, V.A.C.C.P. But we have held that the sentence is not void for such reason and may be corrected in a proper proceeding. Ex parte Davis, 157 Tex.Cr.R. 370, 248 S.W.2d 133.

■ Also, assuming that relator made an issue as to whether the court revoked probation before he adjudged relator guilty of

the robbery by assault of J. T. Sturrock, this Court has held that probation may be revoked upon a finding by the court as a fact that the terms of probation have been violated, and it is not necessary that there be a trial and conviction for the offense which is the basis of the revocation. Dunn v. State, 159 Tex.Cr.R. 520, 265 S.W.2d 589.

If either conviction is valid, relator is lawfully confined in the penitentiary and is not entitled to release. Neither is found to be void.

The application is denied.

On Motion for Rehearing.

MORRISON, Presiding Judge.

In our original opinion we distinguished the case at bar from Crawford v. State, 161 Tex.Cr.R. 554, 278 S.W.2d 845, by pointing out that in the Crawford case counsel for the accused, without the joinder of the accused himself, agreed what the evidence would be if the witnesses were produced. Another distinction not mentioned originally is that in the case at bar the Honorable Owen Lord, the Presiding Judge at the time the appellant plead guilty, testified as follows: "I asked him (referring to the appellant himself) if he would waive the appearances of the witnesses, being confronted by the witnesses, he said he did."

Remaining convinced that we properly disposed of this cause originally, relator's motion for rehearing is overruled.

DAVIDSON, Judge (dissenting).

My dissenting opinion in the case of Ex parte Clark, Tex.Cr.App., 299 S.W.2d 128, upon the proposition of the accused's waiving proof by the state of guilt upon a plea of guilty and trial before the court, is applicable here.

For the reasons there set forth, I respectfully enter my dissent here.