

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

*Overrules*
*M-96 and*
*M-934*

June 29, 1973

Colonel Wilson E. Speir, Director
Texas Dept. of Public Safety
Box 4087
Austin, Texas 78773

Opinion No. H- 54

Re: Whether or not Article 6687b,
§ 16, and Article 6701b, § 38,
require sworn verification of
each invoice by vendor as a
prerequisite to disbursing funds.

Dear Colonel Speir:

Your request for an opinion of this office asks: "Is an affidavit by
the vendor required for each claim paid from the Operator's and Chauffer's
License Fund?"

You state that the Comptroller of Public Accounts has informed the
Department of Public Safety that no payments can be authorized from this
fund unless each invoice is accompanied by the itemized sworn statement
of the vendor. Formerly your Department had submitted vouchers for
disbursement each accompanied by a group of invoices supported by a
certification (instead of affidavit) of the vendor as authorized by Article
4357(a), V. T. C. S.

Article 4357(a), as amended in 1967, provides in part:

"No warrant shall be prepared except on presentation
to the warrant clerk of a properly audited claim, certified
to its correctness, . . . and such claims so certified and
audited shall be sufficient and the only authority for the
preparation of a warrant or warrants . . . . " Acts 1967,
60th Leg., p. 340, Ch. 163.

The emergency clause of this Act states that "[t]he fact that affidavits
required to be appended to claims against the State are no longer needed
and the need for the provisions of this Act in order to provide a more
economical and adequate system of handling claims against the state create
an emergency . . . ."

There is also a provision that "[a]ll parts of laws in conflict with the provisions of this Act are hereby repealed to the extent of conflict only."

A certification differs from an affidavit in that it is a statement of fact or facts not sworn to.  Attorney General Opinion M-96 (1967).

The Comptroller's recent request that your Department submit vouchers accompanied by affidavits from each vendor on each claim is based (according to his letter) on two statutes passed in 1941 and 1951, respectively, which relate specifically to disbursements from the Operator's and Chauffer's License Fund.

Article 6687b, § 16 reads:

> "All disbursements hereunder shall be by warrant issued by the Comptroller upon vouchers drawn by the chairman of the Department of Public Safety Commission and approved by one other member of the Commission or the Director, and such vouchers shall be accompanied by itemized sworn statements of the expenditures for which they are issued."

Article 6701h, § 38, is virtually identical.  It too requires "itemized sworn statements of the expenditures."  In requesting the change from certification by the vendor to affidavit, the Comptroller has explained in his letter to us dated March 6, 1973:

> "From time to time, my staff has found additional statutory requirements requiring an affidavit governing expenditure out of certain types of funds.  In each instance where the provision was found, the department involved has been asked to comply with these provisions."

It has been settled in previous opinions issued from this office that the 1971 amendment to Article 655, V.T.C.S., has eliminated the requirement that vendors certify or swear to the accuracy of invoices on purchases by State agencies through the State Board of Control.  Instead, Articles 655 and 657 require the receiving agency, through its authorized personnel, to check the delivery against the invoice and certify its correctness to the Board of Control.  See Attorney General Opinions M-893-a and M-934 (1971).

Therefore we interpret your question to be: "Is an affidavit by the vendor required for purchases not made through the State Board of Control?"

In answering this question we note this fact: prior to 1967, Article 4357, V. T. C. S., required affidavits on every claim submitted to the Comptroller for payment. The Legislature, in amending Article 4357 in 1967, clearly stated that "affidavits required to be appended to claims against the state are no longer needed" and generally repealed all laws in conflict with the new requirement of Article 4357 to the extent of conflict. Furthermore, prior to 1967, the affidavit requirement, found in Articles 6687b, § 16 and 6701h, § 38, was not a special requirement applicable only to disbursements from the Operator's and Chauffer's License Fund. Rather, the language in those articles merely restated what was, until 1967, the general legislative policy regarding payment of all claims against the State.

Was the affidavit requirement in Articles 6687b, § 16 and 6701h, § 38 repealed by the Act amending Article 4357? The Supreme Court has said that " . . . since the effect of a general provision repealing conflicting laws evinces that the Legislature had in mind that something was to be repealed, the 'courts will be less inclined against recognizing repugnancy in applying such statutes' . . . ." Gaddis v. Terrell, 110 S. W. 429 (Tex. 1908). The general test is that the earlier statute must be found repugnant to provisions of the new enactment. Jefferson County v. Board of County District Road Indebtedness, 182 S. W. 2d 908 (Tex. 1944); Garrett v. State, 279 S. W. 2d 366 (Tex. Crim. App., 1955).

In our opinion the Legislature intended that its general repeal of parts of laws in conflict with Article 4357 would effectuate a repeal of the affidavit requirement in those Articles relating to disbursements from the Operator's and Chauffer's License Fund. In fact, the Comptroller's office has, since 1967, issued warrants against the Fund when invoices are merely certified to their correctness by the vendor. A long-standing administrative practice of this kind is entitled to great weight. Burroughs v. Lyles, 181 S. W. 2d 570 (Tex. 1944); Calvert v. Cadane, 427 S. W. 2d 605 (Tex. 1968).

Attorney General Opinion M-934 in finding that certification by the vendor was no longer required on purchases through the State Board of Control, held that affidavits by the vendor were still required "in such

special Articles as 6145-8(40) and 4387c, V. T. C. S. " This holding was on the authority of Opinion M-96 (1967) which, in construing the effect of the general repeal provision of Article 4357, stated that "[o]nly the requirement contained in Article 4357 was repealed and there is no language contained in House Bill 362 to indicate that the Legislature intended to modify existing requirements relating to specific affidavits on certain sworn accounts. "

As we observed above, prior to 1967 the affidavit requirement was not unusual or special, but was required of all claims against the State. Therefore in reviewing the language of House Bill 362 we believe the Legislature intended that the plain meaning of its words would be given effect: namely, that "affidavits appended to claims against the state are no longer needed" and were eager to encourage "a more economical and adequate system of handling claims against the state. " M-934 and M-96 are overruled insofar as they conflict with this opinion.

As a matter of information, the 63rd Legislature has amended Article 6145-8(40), which has been the only statute passed since 1967 requiring "sworn statements of expenditures. " The provision now reads: "All payments made from the 'Bicentennial Fund' shall be approved by the chairman of the commission, and be by state warrants drawn on such fund in the usual manner and form. " Senate Bill 889, (Acts 1973, 63rd Leg. ).

Our answer to your question is: Vendors do not have to make affidavit of the accuracy of their invoices, but may continue to certify their accuracy as they have done since the 1967 amendment to Article 4357.

### S U M M A R Y

Purchases through the State Board of Control
by the Department of Public Safety are governed by
Articles 655, et seq., which require the receiving
agency to certify the accuracy of the vendor's invoice.
Other purchases requiring disbursements by the

Comptroller from the Operator's and Chauffer's License Fund must be accompanied by the vendor's certification of the invoice's accuracy in the usual manner and form required by Article 4357(a) as amended in 1967.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee