

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

February 19, 1975

The Honorable Otis Hill
Criminal District Attorney
Gregg County
P. O. Box 2403
Longview, Texas 75601

Opinion No. H- 533

Re: Authority of juvenile judge over juvenile probation office.

Dear Mr. Hill:

You have asked two questions relating to the authority of the Judge of the Court of Domestic Relations in Gregg County when his court is designated juvenile court for the county pursuant to section 51.04(b), Texas Family Code.

Your first question is:

> Does the judge of the juvenile court of Gregg county, Texas, have the statutory authority to establish the qualifications and salary of the juvenile probation office and to appoint members of that office?

Article 2338-13, V. T. C. S., establishes the Court of Domestic Relations in Gregg County, and includes within the court's jurisdiction "all jurisdiction, powers and authority now or hereafter placed in the District or County Courts under the juvenile and child welfare laws of this state . . . ."

Section 10 of this article is of principal concern:

> The Judge of the Court of Domestic Relations shall have authority to appoint such officers and investigators that might be necessary to the proper

> administration of its jurisdiction in Gregg County;
> when he deems it necessary to the proper adminis-
> tration of such Court, he may appoint a Court
> Reporter provided such appointments are approved
> by the Commissioners Court of Gregg County, by
> a majority vote of said members, the salaries and
> compensation of such officers and Court Reporter
> to be determined by the Commissioners Court of
> Gregg County by a majority vote of said members
> and to be paid by the Commissioners Court out of
> the General Fund of Gregg County for the services
> rendered therein. (Emphasis added).

No Texas decision has defined the scope of a power "to appoint such officers and investigators that might be necessary" to the court's jurisdiction. Only three other Courts of Domestic Relations have such authority. See V. T. C. S. art. 2338-4, §11 (Lubbock County); V. T. C. S. art. 2338-8 §10 (Smith County) and V. T. C. S. art. 2338-20, §11 (Midland County).

In our judgment this language is broad enough to include the power to appoint juvenile officers in Gregg County if the judge decides such officers are necessary to the proper administration of his court's juvenile jurisdiction. This decision, involving a construction of the court's power under an enabling statute, is initially the primary right of the judge.

A similar statute creating the Court of Domestic Relations in Potter County expressly grants authority to appoint juvenile officers.

> The Judge of the Court of Domestic Relations
> shall have authority to appoint such juvenile officers,
> juvenile probation officers and investigators as might
> be deemed necessary to the proper administration of
> its jurisdiction. . . .    V. T. C. S. art. 2338-3, § 8.

Another indication that the judge of the Gregg County Court of Domestic Relations may appoint juvenile probation officers is found by comparing the four statutes which give a judge power to appoint "such officers and investigators" with statutes which restrict the judge to appointing a court reporter.

Whenever the judge is given general authority, the statute is silent on the duty of employees and officers of the probation department to assist the Court.   But where his power is limited, the statute invariably imposes an express duty of assistance upon probation personnel.  Compare  V. T. C. S. arts.  2338-4,  2338-8,  2338-13 and 2338-20 with  V. T. C. S.  arts.  2338-5, 2338-6,  2338-7,  2338-9,  2338-10,  2338-11,  2338-14,  2338-15,  2338-16, 2338-19.

The difference can be explained if the judge's general authority includes the power to appoint juvenile probation officers because such persons would be accountable to him, and necessarily required to render assistance when requested.

Article 5142, V. T. C. S. , which permits commissioners courts in counties of a certain size to appoint one juvenile probation officer, is not an exclusive grant of power, and, if it is applicable in Gregg County, it can be given effect along with article 2338-13, §10 which is, in any event, a subsequent expression of legislative intent.

The salaries for juvenile probation officers appointed by the Court can either be determined "by the Commissioners Court of Gregg County by a majority vote of said members . . ." as provided in §10, or in accordance with article 5142d providing:

> The Commissioners Courts of all counties in which Juvenile Officers or Probation Officers,  or their assistants,  are employed under existing laws of this State,  shall fix the salaries to be paid such Juvenile Officers or Probation Officers and their assistants, and provide for their expenses, without limitation.  Provided, that in Counties where there is a Juvenile Board, said Board shall recommend the salary to be paid to such Juvenile Officer or Probation Officer and their assistants, which salary shall be approved by the Commissioners Court . . . .
> (Emphasis added)

Since article 5139GGG creates a juvenile board for Gregg County, the proviso is applicable. If one or the other procedure must be controlling, it is our opinion that article 5142d addresses the subject of salaries for juvenile officers more directly than does article 2338-13, § 10, and consequently, its procedure should be followed.

Your second question is whether the judge of the Court of Domestic Relations in Gregg County may be appointed to membership on the juvenile board.

Article 5139E-2, V. T. C. S., is applicable to Gregg County and provides:

> In any county having a population of not less than 75,800 and not more than 78,000 according to the last preceding federal census, the Commissioners Court may name the judge of the court of domestic relations as an additional member of the juvenile board and may pay him for his services on the board in an amount not to exceed the additional compensation allowed other members of the county juvenile board.

In 1973, article 5139GGG, V. T. C. S., was adopted and requires that the Gregg County Juvenile Board "shall be composed of the district judges of the several judicial districts of the county and the county judge of Gregg County. "

You have suggested that the 1973 Act repeals article 5139E-2 by implication. This might be the case if article 5139GGG had said the Board "shall only be composed" of certain persons, but as written it is easily reconciled with the permissive language of article 5139E-2 which authorizes, but does not require, the appointment of the Judge of Domestic Relations to the Juvenile Board of Gregg County.

Texas courts are reluctant to find repeals by implication and only do so where the provisions of a later statute are clearly repugnant to an earlier one. Garrett v. State, 279 S. W. 2d 366 (Tex. Crim. App. 1955); Jefferson County v. Board of County and District Road Indebtedness, 182 S. W. 2d 908 (Tex. Sup. 1944).

## SUMMARY

The Judge of the Court of Domestic Relations in Gregg County has power to appoint juvenile probation officers when such officers are necessary to the proper administration of the court's juvenile jurisdiction. Their salaries should be recommended by the Gregg County Juvenile Board and approved by the Commissioners Court. The statute authorizes but does not require the Judge of the Court of Domestic Relations to be appointed to the Gregg County Juvenile Board by the Commissioners Court.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg