Thomas FISHER, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–90–00108–CR.

Court of Appeals of Texas, San Antonio.

May 29, 1992.

---

Jose M. Guerrero, Law Office of Jose M. Guerrero, Warren Alan Wolf, San Antonio, for appellant.

Fred G. Rodriguez, Former Criminal Dist. Atty., Steven C. Hilbig, Criminal Dist. Atty., Mario Del Prado, Mary Roman, Edward F. Shaughnessy, III, Asst. Crim. Dist. Attys., San Antonio, for appellee.

Before PEEPLES, CARR, and GARCIA, JJ.

## RULE 101 OPINION ON RECONSIDERATION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CARR, Justice.

Appellant has filed a petition for discretionary review. Pursuant to TEX. R.APP.P. 101, we address appellant's contentions. Appellant argues that former article 1204 was never expressly repealed and the act creating the 1974 Penal Code had a general repealing section. Appellant maintains that article 1204 is not in conflict with any provision of the 1974 Penal Code and it has not been repealed by implication.

■ There are two kinds of repeals: express and limited. *Garrett v. State,* 279 S.W.2d 366, 368 (Tex.Crim.App.1955). Whether a repeal is express or implied is a question of legislative intent. *Id.* A general repeal declares that acts and parts of acts that conflict with the new law are repealed, and it is effective to repeal prior laws to the extent that they are inconsistent with or repugnant to the new enactment. *Id.*

Former article 1204 was expressly repealed by the act that created the 1974 Penal Code. Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 3, 1973 Tex.Gen.Laws

883, 994. It was among the many articles specifically listed as being repealed.

■ Appellant also points out that one of the State's expert witnesses, Dr. Glassman, testified that a person can live after losing all the fingers of his hands and that life can be sustained without fingers. Apparently, appellant's argument is that there remains a reasonable hypothesis that the victim's fingers were removed but she was not killed. This is not in harmony with the other evidence, specifically, appellant's admission to Caesar Marquez that he killed Barbara Baughman.

■ While an uncorroborated extrajudicial statement of a defendant is insufficient to establish the corpus delicti of a crime, if there is some evidence corroborating a confession, the confession may be used to establish the corpus delicti. *White v. State,* 591 S.W.2d 851, 863–64 (Tex.Crim.App. 1979). The corroborative evidence must tend to support the content of the confession. *Id.* at 864. A confession may render sufficient circumstantial evidence that would be insufficient without it. *Id.* The corpus delicti does not need to be proven independently of an extrajudicial confession; there need only be evidence corroborating the confession. *Penry v. State,* 691 S.W.2d 636, 648 (Tex.Crim.App.1985), *cert. denied,* 474 U.S. 1073, 106 S.Ct. 834, 88 L.Ed.2d 805 (1986).

In our case, there was evidence corroborating appellant's admissions to Marquez that he murdered Baughman. Additionally, that evidence, set out at length in the opinion on original submission, and the extrajudicial admission sufficiently supported the jury's finding beyond a reasonable doubt that appellant committed the offense. The corpus delicti was established, and there remained no reasonable hypothesis other than appellant's guilt.