ACCEPTED
03-15-00058-CR
6567047
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/19/2015 3:16:14 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00058-CR

IN THE COURT OF APPEALS

FOR THE THIRD JUDICIAL DISTRICT OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/19/2015 3:16:14 PM
JEFFREY D. KYLE
Clerk

BRADY ALAN DANIEL,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE

APPELLANT'S BRIEF

On appeal from Cause Number 3029
*35th District Court*
*Mills County, Texas*
The Honorable Stephen Ellis, Presiding

Emily Miller, Lawyer
Woodley and Dudley, Lawyers
707 Center Avenue
Brownwood, Texas 76801
emily@woodleydudley.net

*Attorney for Appellant*

i

# IDENTITIES OF PARTIES AND COUNSEL

Pursuant to the provisions of Rule 38.1(a), Texas Rules of Appellate Procedure, a complete list of the names of all parties to this action and counsel are as follows:

Parties:                                      Mr. Brady Alan Daniel, Appellant

                                              State of Texas, Appellee

Attorneys for the Appellant:                  Ms. Emily Miller
                                              Woodley and Dudley, Lawyers
                                              707 Center Avenue
                                              Brownwood, Texas 76801
                                              (On Appeal Only)

                                              Mr. Patrick Howard
                                              Attorney at Law
                                              101 South First Street
                                              Bangs, Texas 76823
                                              (Trial Attorney)

Attorneys for Appellee:                       The Honorable Micheal Murray
                                              District Attorney, 35th Judicial,
                                              Brown and Mills Counties, Texas
                                              200 South Broadway Street
                                              Brownwood, Texas 76801

                                              The Honorable Sam C. Moss*
                                              First Assistant District Attorney
                                              35th Judicial District
                                              Brown and Mills Counties, Texas
                                              200 South Broadway Street
                                              Brownwood, Texas 76801
                                              * *Mr. Moss assumed the bench of
                                              Brown County Court at Law effective
                                              January, 2015*

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL      ii

INDEX OF AUTHORITIES      iv

STATEMENT OF THE CASE      1

ISSUES PRESENTED      2

SUMMARY OF ARGUMENT      2

      ISSUE ONE:      *The evidence is legally insufficient*      4
*to support a conviction based solely on a guilty plea by Appellant.*

      ISSUE TWO:      *The evidence is legally insufficient*      7
*to support enhancement of the indicted offense from a second*
*to a first degree felony.*

PRAYER FOR RELIEF      11

CERTIFICATE OF SERVICE      12

CERTIFICATE OF COMPLIANCE      13

# INDEX OF AUTHORITIES

*Arizona v. Fulminante,* 499 U.S. 279 (1991)     4

*Baggett v. State,* 342 S.W.3d 172 (Tex.App.-Texarkana 2011, pet. ref'd)     5

*Blanks v. State,* 172 S.W.3d 673 (Tex.App.-San Antonio 2005, no pet.)     7, 8

*Brooks v. State,* 957 S.W.2d 30 (Tex.Crim.App. 1997)     7

*Crawford v. State,* 278 S.W.2d 845 (1955)     4

*Dinnery v. State,* 592 S.W.2d 343 (Tex.Crim.App.1980)     5

*Flowers v. State,* 220 S.W.3d 919 (Tex.Crim.App.2007)     8

*Jackson v. Virginia,* 443 U.S. 307 (1979)     4, 7

*Jones v. State,* 373 S.W.3d 790
(Tex.App.-Houston [14th Dist.] 2012, no pet.)     4

*Lyles v. State,* 745 S.W.2d 567
(Tex.App.-Houston [1st Dist.] 1988, pet. ref'd)     4

*McClain v. State,* 730 S.W.2d 739 (Tex.Cr.App.1987)     5

*Mendez v. State,* 138 S.W.3d 334, 340 (Tex.Crim.App.2004)     5

*Menefee v. State,* 287 S.W.3d 9 (Tex.Crim.App.2009)     5

*Stringer v. State,* 241 S.W.3d 52 (Tex.Crim.App.2007)     4

*Thornton v. State,* 601 S.W.2d 340, 344 (Tex.Crim.App.1980)     4

*Washington v. State,* 893 S.W.2d 107 (Tex.App.-Dallas 1995, no pet.)     5

*Wilson v. State,* 671 S.W.2d 524 (Tex.Crim.App.1984)     8

## STATUES AND RULES

TEX.PENAL CODE §12.42     8, 7

TEX.PENAL CODE §22.02     9

TEX.CODE CRIM.PROC., Art.1.15     4

TEX.R.APP.PRO. §38     ii, 1

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW, Brady Alan Daniel, Appellant in this cause, by and through his attorney of record, Emily Miller, and pursuant to the provisions of TEX.R.APP.PRO. 38, *et seq.*, files this brief on appeal.

## STATEMENT OF THE CASE

This is an appeal from appellant's guilty plea and sentencing hearing. Appellant was charged with the Second Degree felony offense of Aggravated Assault occurring on February 8, 2014. Appellant was indicted for the offense on June 11, 2014. The indictment contained an enhancement paragraph for one prior felony offense, which raised the punishment range for the offense to that of a First Degree felony. (CR: p. 11 )[1]. Appellant entered what is commonly referred to as an open guilty plea on November 17, 2014, wherein he pled guilty to the offense and selected the Judge to assess his punishment. (Vol. 3, p. 20). Appellant was convicted of the offense and sentenced by the court to thirty five (35) years. (CR: p. 48). The trial court certified Appellant's right of appeal. Appellant gave timely notice of appeal. Counsel for appellant was appointed on January 9, 2015 (CR: p. 58). This brief is due on or before August 17, 2015.

---

[1] "CR" Refers to Clerk's Record. The Reporter's Record is referenced by volume and page number.

1

## ISSUES PRESENTED

ISSUE ONE: *The evidence is legally insufficient to support a conviction based solely on a guilty plea by Appellant.*

ISSUE TWO: *The evidence is legally insufficient to support enhancement of the indicted offense from a second to a first degree felony.*

## SUMMARY OF ARGUMENT

Appellant's conviction of Aggravated Assault was entered without sufficient evidence to support his guilty plea. Prior to a finding of guilt or the announcement of a "unitary" trial, the court found the Appellant guilty. At the time the trial court pronounced Appellant's guilt, the State had failed to offer any evidence to substantiate Appellant's guilt. The failure of the State to offer and the trial court to admit any evidence prior to a finding of guilt means the essential elements of the offense of Aggravated Assault were not met. Appellant's signed "Written Admonitions to the Defendant for Plea to Court" were not admitted until after the court had pronounced Appellant's guilt, during the punishment phase of the proceedings. Only after the pronouncement of Appellant's guilt, did the court announce the court was proceeding in a unified manner. Even in a 'unitary trial', there must be some evidentiary basis for the court's corroboration of a defendant's plea of guilt. Without the introduction of some evidence before the court's pronouncement of guilt, in the light most favorable to the verdict, no rational trier of fact could have met every element of the offense charged. Appellant's

2

conviction should be reversed and a judgment of acquittal should be entered, or the case remanded to the trial court for a new trial.

Appellant further maintains the evidence is legally insufficient to support enhancement of the offense charged from a second to a first degree felony. The indictment contained a paragraph alleging Appellant had a prior felony conviction for *Tampering with or Fabricating Evidence* from 2007  While the State filed notice to introduce the felony convictions and several other extraneous offenses, at no point did Appellant indicate he pled true to any enhancement, prior conviction, or extraneous offense. The State failed to meet its required burden showing Appellant's prior convictions were final, and proving Appellant was the person previously convicted. Because Appellant did not enter a plea to the enhancement paragraph at trial, and the State offered no additional evidence to support the enhancement, the State's burden was not met. Therefore, no rational trier of fact could find the enhancement issue beyond a reasonable doubt. On this basis, Appellant's conviction of a first degree felony conviction should be reversed and a judgment of acquittal should be entered, or remanded to the trial court for a new trial. In the alternative, Appellant's first degree felony conviction should be reformed to confirm to a second degree felony with the applicable range of punishment.

## *ISSUE ONE*

In his first point of error, Appellant alleges the evidence is legally insufficient to support the conviction for Aggravated Assault. This Court views the evidence with deference to the trial court and in the light most favorable to the judgment. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). When a guilty plea is entered, "the evidence does not have to establish the defendant's guilt beyond a reasonable doubt but must embrace every element of the offense charged. *Jones v. State,* 373 S.W.3d 790, 793 (Tex.App.-Houston [14th Dist.] 2012, no pet.). A statutory procedural safeguard is established by Article 1.15 of the Code of Criminal Procedure requiring sufficient evidence for a guilty plea, stating:

> "...*it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same.*" TEX.CODE CRIM.PROC. ART 1.15

Article 1.15 applies only to the guilt stage. *Stringer v. State,* 241 S.W.3d 52, 59 (Tex.Crim.App.2007). It ensures no one will be convicted of a felony on a guilty plea without the introduction of sufficient evidence of guilt. *Lyles v. State,* 745 S.W.2d 567, 567 (Tex.App.-Houston [1st Dist.] 1988, pet. ref'd), (citing *Crawford v. State,* 278 S.W.2d 845 (1955)). Article 1.15 effectively maintains the burden of proof on the State, even where a defendant has entered a plea of guilt, *Thornton v. State,* 601 S.W.2d 340, 344 (Tex.Crim.App.1980). A court may not

4

"render a conviction in a felony case" unless evidence was presented supporting the defendant's guilt. *Menefee v. State,* 287 S.W.3d, 9, 13. A stipulation of evidence or judicial confession which fails to establish every element of the offense charged will not authorize the trial court to convict. *Dinnery v. State,* 592 S.W.2d 343, 352 (Tex.Crim.App.1980). By its plain terms, it requires evidence in addition to, and independent of, the plea itself to establish the defendant's guilt. *Menefee* at 15.

The statutory directive of Article 1.15 is an absolute or systemic requirement and "in no event" shall a person be convicted without sufficient evidence to support it. *Baggett v. State,* 342 S.W.3d 172, 174 (Tex.App.-Texarkana 2011, pet. ref'd). The failure to comply with any of the requirements of Article 1.15 will lead to an automatic reversal. *McClain v. State,* 730 S.W.2d 739 (Tex.Cr.App.1987). In rare instances, an error is of such magnitude that it cannot be evaluated for harm; these errors are structural ones which affect the framework within which the trial proceeds, rather than simply an error in the trial process. *Mendez v. State,* 138 S.W.3d 334, 340 (Tex.Crim.App.2004) (citing *Arizona v. Fulminante,* 499 U.S. 279, 309, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)). A structural error defies a harm analysis and requires reversal without a harm analysis. *Id., Baggett,* at 176.

When a person enters a plea of guilty, the proceeding properly becomes a unitary proceeding. *Washington v. State,* 893 S.W.2d 107, 108 (Tex.App.-Dallas

5

1995, no pet.). Here, Appellant was not advised of nor questioned about a unitary proceeding until after the court found him guilty. Instead, the court found guilt and the State immediately began its evidence for punishment. Well into the direct examination of the state's first punishment witness, (Vol. 3, p.36), the court interjected the following:

> THE COURT: *Let me ask one question. I didn't get it clarified. I should have done it earlier. Are we doing this in a unified proceeding where both guilt-innocence and punishment evidence comes in at one time? Is that right?*
>
> MR. MOSS: *Yes, sir, with the guilty plea, that was part of our –*
>
> THE COURT: *Do you agree?*
>
> MR. HOWARD: *Absolutely.*
>
> THE COURT: *That's fine. You may proceed.*

Appellant's election to proceed in a unitary fashion did not occur prior to his entry of a guilty plea. Rather, it occurred during the questioning of the state's first punishment witness. Here, every element of the offense of Aggravated Assault was not "embraced" prior to the court's finding of guilt. Guilt and punishment were procedurally handled separately. The trial court erred by rendering a conviction in a felony case where no evidence was presented supporting the defendant's guilt by reason of his plea.

6

Appellant entered, and the trial court accepted, a guilty plea without any testimony or stipulated evidence to substantiate his plea. This lack of "embracing" evidence is fatal to the State's case of guilt and violates Appellant's rights under the statute. The state, moreover, failed to offer its "Written Admonitions to the Defendant for Plea to Court" until the punishment phase of the proceedings (Vol. 3, p. 24). Even at this late hour, the document fails to establish even a skeletal framework of the charged offense. The statutory requirements for satisfying guilt in a felony case have not been satisfied. Because Appellant's plea was supported by insufficient evidence, Appellant's conviction should be reversed and a judgment of acquittal should be entered, or remanded to the trial court for a new trial.

## *ISSUE TWO*

In his second point of error, Appellant alleges the evidence is legally insufficient to support enhancement of the indicted offense from a second to a first degree felony. Here, the Court must view the evidence in the light most favorable to the judgment and determine whether any rational trier of fact could have found the enhancement issue beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

A defendant is entitled to receive notice of the prior convictions the State intends to use as enhancement. *Brooks v. State*, 957 S.W.2d 30, 33 (Tex.Crim.App. 1997). When the State seeks to enhance a defendant's punishment

range, the State has the burden of proof to show the defendant's prior conviction was a final conviction and the appellant was the person previously convicted. *Wilson v. State*, 671 S.W.2d 524 (Tex.Crim.App.1984). If a defendant pleads true to the enhancement paragraph, the State's burden of proof is satisfied. *Id.* Citing *Blanks v. State*, 172 S.W.3d 673, 675 (Tex.App.-San Antonio 2005, no pet.), the Court in *Flowers v. State*, 220 S.W.3d 919, 921-22 (Tex.Crim.App.2007) found:

> "*A prior conviction may be proven by certified copies of a judgment and sentence and authenticated copies of records from the Texas Department of Corrections or other correctional institution, including fingerprints, supported by expert testimony matching them to the defendant. However, this is not the only method by which the State may prove a prior conviction. The State may also offer: (1) testimony from a witness who personally knows the defendant and the fact of his prior conviction; (2) the defendant's stipulations or judicial admissions; or (3) the defendant's photograph in a penitentiary packet or other official record.*"

Appellant was charged with Aggravated Assault under TEX.PENAL CODE § 22.02, which states:

> Sec. 22.02. AGGRAVATED ASSAULT. (a) A person commits an offense if the person commits assault as defined in Sec. 22.01 and the person:
>
> (1) causes serious bodily injury to another, including the person's spouse; or
>
> (2) uses or exhibits a deadly weapon during the commission of the assault.

The indictment included a repeat offender enhancement under

TEX.PENAL CODE §12.42, which states:

> Sec. 12.42. PENALTIES FOR REPEAT AND HABITUAL FELONY
> OFFENDERS ON TRIAL FOR FIRST, SECOND, OR THIRD DEGREE
> FELONY.
>
> (b) Except as provided by Subsection (c)(2) or (c)(4), if it is
> shown on the trial of a felony of the second degree that the
> defendant has previously been finally convicted of a felony
> other than a state jail felony punishable under Section 12.35(a),
> on conviction the defendant shall be punished for a felony of
> the first degree.

Appellant received notice of one offense in the form of the indictment (CR: p. 11), and of several additional alleged offenses and convictions in the Notice of Intent to Offer Evidence of Prior Convictions and Extraneous Offenses. (CR: p. 19-21). The trial court advised Appellant of the enhancement allegation during his plea. Appellant was aware of the State's intention to increase his charge from a second- to first-degree felony and the increased range of punishment. (Vol. 3, p.21).

Appellant's prior convictions were entered in evidence during punishment proceedings (Vol. 3, p.145). The final reference to the enhancement was at the end of the punishment proceeding where the court finds Appellant pled "guilty" to the indictment, which included the enhancement. (Vol. 4, p. 181). The court further states:

THE COURT: *I find true to the repeat offender allegations that are also made part of the Indictment, finding he is the same person that was previously convicted of a felony offense in the 355th District Court of Hood County, Texas, in the case as alleged and on the date alleged in the Indictment, of the felony offense of tampering or fabricating physical evidence.*" (Vol. 4, p. 185).

The "Written Admonishments to the Defendant for Plea to the Court" contain a boilerplate sentence which states "All enhancement and habitual allegations as set forth in the indictment are true and correct, except those waived by the state." (Vol. 5, p. 24). This is not a plea bargained matter, as evidenced by the court's certification of Appellant's right to appeal (CR, p. 48).

Although Appellant pled guilty to the charge of Aggravated Assault on the record (Vol. 3, p. 20-24), nowhere in the record or in discussion of the guilty plea is there an independent plea to the enhancement. The Appellant did not plead true to the enhancement when he pled guilty to the offense charged. Therefore, the State's burden of proof is not satisfied through Appellant's testimony. The State failed to offer other evidence to meet its burden of proof showing the Appellant's prior convictions were final, and Appellant was the person previously convicted. Based on this lack of evidence, no rational trier of fact could find the enhancement

10

issue beyond a reasonable doubt. Therefore, Appellant's conviction of a first degree felony conviction should be reversed and a judgment of acquittal should be entered, or remanded to the trial court for a new trial. In the alternative, Appellant's first degree felony conviction should be reformed to a second degree felony with the applicable range of punishment for a second degree felony.

**PRAYER FOR RELIEF**

*WHEREFORE, PREMISES CONSIDERED*, Appellant respectfully prays his conviction in the above entitled and numbered cause be reversed and the case be remanded to the trial court for an entry of an order of acquittal, or remanded to the trial court for a new trial. In the alternative, Appellant's first degree felony conviction should be reformed to a second degree felony with the applicable range of punishment. Appellant prays for any additional relief to which he should be entitled.

Respectfully submitted,

Emily Miller
Woodley and Dudley, Lawyers
707 Center Avenue
Brownwood, Texas 76801
Telephone: (325) 646-7685
Facsimile: (325) 646-7688
Email:                emily@woodleydudley.net

ATTORNEY FOR APPELLANT BRADY ALAN DANIEL

11

## CERTIFICATE OF SERVICE

By affixing my signature above, I hereby certify a true and correct copy of

the foregoing APPELLANT'S BRIEF, was delivered via electronic and personal

service to:

> The Honorable Micheal Murray
> District Attorney, 35th Judicial
> District, Brown and Mills Counties,
> Texas
> 200 South Broadway Street
> Brownwood, Texas 76801

On this day, Wednesday, August 19, 2015

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains 2465 words, excluding parts exempted by Tex. R. App. P. 9.4(i)(1).

/s/ Emily Miller
EMILY MILLER

13